## SUPREME COURT.

CHARLES BLIVIN and EDWARD B. MEAD agt. WM. BLEAKLEY, JUN., sheriff of Westchester.

In an action against a *sheriff* for a false return upon an *execution,* the sheriff, on the trial, cannot go behind the execution to show that it was void, or voidable by reason of being irregularly and prematurely issued. Nor is the *plaintiff* bound in such action to produce or prove on the trial the *judgment record.*

A sheriff who levies upon goods under an execution as the property of the defendant therein, may, when he discovers that the goods belong to another, *relinquish the levy,* and return the execution *nulla bona.*

Where in such case the good faith of the return is put in controversy, the burden of showing property in the goods out of the defendant in the execution is thrown upon the *sheriff.*

And the sheriff is not *estopped* from showing property in the goods out of the defendant in the execution, where he has previously sold the property on a prior execution against the defendant and paid over the surplus moneys to the *purchaser* at the sale who claimed the property at the time by virtue of a bill of sale from the defendant.

*Brooklyn General Term, February,* 1862.

EMOTT, BROWN and SCRUGHAM, *Justices.*

R. W. Van Pelt, *for the plaintiffs.*
F. Larkin, *for the defendant.*

By the court, Brown, Justice. On the 4th of October, 1859, the under sheriff of the county of Westchester sold a quantity of personal property at Sing-Sing, to William Vail, for $5,050, by virtue of an execution issued out of this court in favor of one William Beardsley, agent, &c. of the Sing-Sing prison, against the Eagle Saw Manufacturing Company. There was due upon the execution, $1,740.71. William Vail claimed to be the owner of the judgment. He receipted the sheriff for the sum due upon the execution, and also for the surplus, and paid the sheriff his fees. No other money passed between the parties to this transaction. The sale took place at twenty minutes past ten o'clock, A. M., and the receipts were given and the affair closed within an hour thereafter. With the single exception of the evidence offered and rejected, to which I will presently refer, this was the case made by the sheriff upon the trial.

On the part of the plaintiffs, it appeared they recovered a judgment in the New York common pleas against the Eagle Saw Company, for $24,645.85, which was docketed in the office of the clerk in New York, on the 4th of October, at twenty-five minutes past nine, A. M. The transcript of this judgment was filed, and the judgment docketed, in the clerk's office of the county of Westchester, at White Plains, on the 5th day of October, 1859, at 9¾ o'clock A. M. On the 4th of October, at 9¾ o'clock A. M., an execution was put into the hands of one of the deputies in the sheriff's office at White Plains, on this last judgment in favor of the plaintiffs. He indorsed upon the back of the execution the time it was received; but on discovering in the body of the writ that the judgment was mentioned as docketed on the 5th, he erased the 4th, and in place thereof inserted the 5th. Immediately after the sale at Sing-Sing,

notice was given to the under sheriff who made it, and before he closed the affair with the purchaser, William Vail, of the existence of the plaintiffs' execution in the hands of the sheriff at White Plains, and a demand was made for the surplus money. This was the plaintiffs' case. Their action was to recover the surplus from the sheriff, who had returned their execution unsatisfied.

The first question which arises out of these facts is upon the nature of the plaintiffs' execution. Was it void—void absolutely; or was it only voidable? When the execution is against the property of the judgment debtor, it may be issued to the sheriff of any county where the judgment is docketed. Here was a judgment actually entered. It was also afterwards docketed in the county of Westchester; but not while the sheriff had the proceeds of the Eagle Saw Manufacturing Company under his control. It clearly became valid as soon as the judgment was docketed. It was irregularly issued, and therefore voidable so far as regards the 4th of October, and the court upon motion would have directed it to be receipted and deemed to be in the sheriff's hands on the 5th, and not on the 4th of October. There is authority for the opinion that in an action of this kind, the plaintiffs were not bound to produce or prove upon the trial, the judgment record. (*Elliot* agt. *Cronks' administrators*, 13 *Wend.*, 392.) The law seems to be settled that in actions of this nature against the sheriff, the regularity of the execution cannot be questioned. (*Hinman* agt. *Brees, sheriff*, 13 *John. R.*, 529; *Cable* agt. *Cooper*, 15 *id.*, 152; *Ontario Bank* agt. *Hallet*, 8 *Cow.*, 192; *Clute* agt. *Clute*, 4 *Denio*, 241; *Marvin* agt. *Herrick*, 5 *Wend.*, 109; *Chapman* agt. *Dyett and others*, 11 *Wend.*, 31; *Roth* agt. *Schloss*, 6 *Barb. S. C. R.*, 308; *Cowen & Hill's Notes, part* 2, 1078.) This view leads to the conclusion that until the plaintiffs' execution is vacated, or declared by the court on motion to have been prematurely issued, and ineffectual to bind the property until the 5th of October, the day when the

transcript was filed, it must be regarded as binding the property of the defendant therein on the 4th of that month.

The proof upon the trial established *prima facie* that the surplus moneys from the sale under the execution in favor of William Beardsley, was the property of the Saw Manufacturing Company, and as such to be applied in satisfaction of the execution in favor of Blivin and Mead. The sheriff had treated it and sold it as the property of the Saw Manufacturing Company, and in the absence of proof that it belonged to another person, it must be regarded as the property of the Saw Manufacturing Company. Where a sheriff levies upon property under a writ of *fieri facias*, and afterwards returns the writ with *nulla bona* indorsed thereon, he assumes upon himself the burthen of showing property in the goods seized out of the defendant. (*Magne* agt. *Seymour*, 5 *Wend.*, 309.) In the present case, the sheriff returned the execution of Blivin and Mead *nulla bona*, and he is therefore liable to them in this action, which is for a false return, unless he exonerates himself by proof that the goods and chattels from which the surplus moneys proceeded were not the goods and chattels of the Saw Manufacturing Company. I attach no sort of consequence to the fact that the sheriff advertised that he would sell the right, title and interest of the Saw Manufacturing Company in the goods. It is not pretended that it had a special or qualified property therein. It was either the owner or it was not, and the thing sold by the sheriff was the goods themselves. To exonerate himself, the defendant then offered in evidence a bill of sale of the goods in question from the Saw Manufacturing Company to William Vail, the purchaser at the sale, duly executed, and for a good and valid consideration, and that in fact at the time of the sale, William Vail was the real owner of the property. This evidence was objected to, and the objection was sustained by the court, and the defendant excepted. I have not, after a careful examination, been able to see the force

of this objection. Neither the oral, nor the printed argument of the plaintiffs' counsel shows any reason but the one which I shall presently notice, or refers to any authority to show that a sheriff, who levies upon goods under an execution as the property of the defendant therein, may not, when he discovers that the goods belong to another, relinquish the levy and return his execution *nulla bona.* No good reason can be given why he may not do so, because the thing is of very usual occurrence, and cannot very well be otherwise. The only consequence of this act to the sheriff is the burden of showing property in the goods out of the defendant in the execution, should the good faith of his return be put in controversy. It does not alter the sheriff's liability or add to the burden he thus assumes, by showing that he has actually sold the goods under the execution. He may still be prosecuted by the true owner, and in the event of a recovery had against him, he may still return his execution *nulla bona* in good faith, for in fact nothing has been made upon it. It is to be remembered that this is not an action against William Vail, but against the sheriff for a false return ; and for all the purposes of this argument, we are to assume that it appeared from the proof that the Saw Manufacturing Company were not the owners of the goods at the time the plaintiffs' execution was put into the sheriff's hands. This, I think, should dispose of the case.

It is suggested, however, that the sheriff is estopped from denying the right of property of the Saw Manufacturing Company in the goods. How he is estopped in an action by Blivin and Mead for a false return, or what he has done to them to estop him from showing their judgment debtor had no property or goods out of which he could make the money mentioned in their execution, we are not informed. When the law of estoppel is invoked to defeat a right, it must appear that the party invoking its aid has been induced to do some act to his injury and prejudice by the

acts and representations of the party to be estopped, which he would not have done but for such acts and representations. As a general rule, a party will be concluded and estopped from denying his own acts or admissions, which were expressly designed to influence the conduct of another, and did so influence it, and when such denial will operate to the injury of the latter. The most familiar cases of estoppels *in pais* are entries upon land, the acceptance and payment of rent, and acts and representations in respect to the interest and title of others to personal property, services, choses in action, &c. These are familiar doctrines, and need not the weight of adjudicated cases to support them. The sheriff has done nothing in regard to the property in question which concludes him from showing who was the true owner. The plaintiffs' execution was put into the hands of one of his deputies, a half an hour or so before the sale, by the voluntary act of the plaintiffs themselves, and without solicitation or inducement from him.

There should be a new trial, with costs to abide the event.