Smith vs. Buck.

SMITH vs. BUCK.

*Judgment of J. P.— When execution may issue thereon to another county. R. S. 1849, ch. 88, secs. 184–85, Laws of 1855, ch. 31; sec. 1.*

| 22 | 577 |
|----|-----|
| 88 | 274 |

After a judgment in justice's court has been filed and docketed in the office of the clerk of the circuit court of the same county, an execution cannot issue thereon in any other county, until transcript filed and judgment docketed therein.

APPEAL from the Circuit Court for *Waupaca* County.

Ejectment, for land in said county. Plaintiff claimed as purchaser at an execution sale; and it appeared that the judgment was rendered June 19, 1855, by a justice of the

peace for Winnebago county; that a certified transcript thereof was filed in the circuit court of the last named county on the 27th of July following, which showed an execution issued on the judgment by the justice, June 20th, and returned *nulla bona*, July 25th. Plaintiff offered in evidence a certified transcript of an execution on said judgment, issued out of the Winnebago circuit court, to the sheriff of Waupaca county; but the evidence was ruled out, because a transcript of the judgment had not been filed in Waupaca county, and the execution had not issued from the circuit court thereof. The plaintiff was thereupon non-suited; and he appealed from the judgment.

*C. Coolbaugh*, for appellant, cited § 32, ch. 102, R. S. 1849, as authorizing the execution to issue to the sheriff of a different county from that in which the judgment was rendered; and contended that although the judgment was not a lien on land in Waupaca county, yet the levy and sale were valid. *Corey v. Cornelius*, 1 Barb. Ch., 571; *Clark v. Dakin*, 2 id., 36; *Stoutenburgh v. Vandenburgh*, 7 How. Pr., 229.

*Gillett & Pier*, for respondent. [No brief on file.]

DIXON, C. J. The provisions of section 5, chap. 102, R. S. 1849, when considered in connection with those of section 63 of the same chapter, show very conclusively that an execution authorizing the sale of real estate could not lawfully issue upon the judgment of a court of record, until the record of the judgment, or a certified transcript thereof, was filed in the county where such real estate was situated. The former provided that all judgments thereafter rendered in any court of record should bind and be a charge upon the lands, tenements, real estate and chattels real, in every county where the record, or a certified transcript thereof, should be filed, of every person against whom any

such judgment should be rendered, which such persons might have in such counties at the time of docketing such judgments, or might thereafter acquire; and that *such estate and chattels real should be subject to be sold upon execution to be issued on such judgment.*   The latter, among other things, provided that executions, to *authorize* the sale of real estate, should command the officer to whom they were directed, that he cause the amount of the judgment to be made of the real estate of the person against whom the judgment was rendered, which such person had *at the time of docketing such judgment, specifying such time,* or at any time afterwards, in whose hands soever the same might then be.   It is manifest from these provisions, that no execution on a judgment of the circuit court of one county could have issued for the sale of lands in another county, until a transcript of the judgment was filed in such other county, and the judgment docketed therein.   Sections 184 and 185, chap. 88, R. S. 1849, provided that transcripts of judgments of justices of the peace might be filed and docketed in the office of the clerk of the circuit court of *the same county,* with like effect, and such judgments might be executed in the same manner, as if the same had been rendered in such circuit court. Section 1 of chap. 31, Laws of 1855, provided that the party obtaining such judgment before a justice of the peace, might take a transcript of the docket of such judgment as entered in the office of the clerk of the circuit court of the county where the justice resided, duly certified under the seal of said court, and might file the same in the office of the clerk of the circuit court of any other county, and that the same should thereby become a lien on any real estate of the party against whom rendered, in any county where the same might be filed.   The effect of this provision was, to place the judgments of justices of the peace upon the same footing as those of courts of record, and no other.

Executions on such judgments, for the sale of lands, could not issue to counties where transcripts had not been filed and the judgments docketed as provided by law. The court below was right in excluding the execution offered in evidence in this case.

*By the Court.*—Judgment affirmed.