# ALLAN MOLLISON,

*vs.*

# CHARLES EATON.

Under *Sec.* 13, *Chap.* 64, *Gen. Stat.*, an execution should be dated as of the day on which it is taken out of the clerk's office.

  An execution levied upon personal property exclusively, is not void, because it omits to state the true date of docketing the judgment in the county to which said execution runs.

Nor is an execution void, though taken from the clerk's office before the judgment is docketed in the county to which it runs, when it is levied on personal property only, and not delivered to the sheriff until after the judgment is so docketed.

A United States marshal is not authorized, simply by a warrant in bankruptcy issued out of a district court of the United States, commanding him to take possession of all the property and effects of a person against whom proceedings in bankruptcy have been instituted and to safely keep the same until the further order of such court, to take from the possession of a sheriff of this state personal property held by such sheriff by virtue of a levy of final process of execution issued out of a state court, and levied before the commencement of the proceedings in bankruptcy.

action was commenced in the district court for Mower county, to recover damages for the wrongful taking and conversion of certain personal property. Issue was joined and the case tried before a referee. The material facts in the case are substantially as follows: The plaintiff who was then sheriff of Mower county, on the 24th day of

Mollison v. Eaton.

March, 1869, levied upon the property in question, as the property of Trask & Co., under an execution issued against them from the district court of Olmsted county.    The judgment upon which this execution was issued, was recovered on the 17th day of March, 1869.    The execution was issued by the clerk of said court on the 20th day of March; bore date of that day, and was delivered to the plaintiff, as such sheriff, on the 24th.    The judgment was not docketed in Mower county, to which the execution ran, until the 24th. It is contended by the plaintiff that this docketing was erroneous; that it should have been of the date of the 20th of March; and an order was obtained from the judge of the district court for said county on the 7th day of July, 1869, requiring the clerk to correct the docket entry, by changing the date from the 24th to the 20th.    The execution stated that the judgment was docketed in Mower county the 20th day of March, 1869.    The plaintiff claims the property under this levy.

On the 16th day of April, 1869, proceedings in bankruptcy were commenced against Trask & Co., in the United States district court for the district of Minnesota, and a warrant issued to the defendant, who was then United States marshal for said district, as such marshal, in the usual form, commanding him to take possession of all the property of said Trask & Co., and safely keep the same until the further order of the court.

The defendant took the property in dispute from the possession of the plaintiff, by virtue of such warrant, on the 21st day of April, 1869, and defends thereunder.

The referee found for the plaintiff    The defendant made a motion for a new trial, upon the record, the report of the referee, and a case made, which was denied, and judgment entered for the plaintiff. from which the defendant appeals to this court.

---

Mollison v. Eaton.

---

C. K. DAVIS for Appellant.

SMITH & GILMAN for Respondent.

*By the Court*—BERRY, J.—Section 13, chapter 64, General Statutes requires an execution to be "dated on the day on which it is issued." The defendant says that the execution under which plaintiff claims was void, because not dated on the day of its delivery to the sheriff, which is claimed to be the day of its issue in the meaning of the statute. We think, however, that the day on which the execution was taken out of the clerk's office, was the day " on which it issued," in the intent of the statute. The dating is done by the clerk, which implies that the date is within the clerk's knowledge at the time of making out the execution. As the clerk knows when the execution is issued in the sense of being taken from his office, and cannot know when it will be issued in the sense of being delivered to the sheriff, it would seem to follow, necessarily, that he is to affix the date of the former act, not the latter. The execution was then properly dated in this instance.

Defendant further urges that the execution was void, because it did not state the true date of docketing the judgment in the county to which such execution ran. It is difficult to see why the statement of the date of such docketing is of any importance, where the levy is made, as it was in this case, upon personal property exclusively. At most, the omission under such circumstances to comply with the requirements of the statute as to such statement, could be nothing more than a purely technical irregularity, injuring nobody, and amendable as a matter of course, under sections 104, 105, chapter 66, General Statutes. Such omission could not possibly be permitted to render the execution void.

Mollison v. Eaton.

Defendant further insists that the execution was void, because issued before the judgment was docketed in the county to which it ran. This objection to the execution is attempted to be supported by a reference to the first clause of section 268, chapter 66 of the General Statutes, which reads as follows, viz: " When the execution is against the property of the judgment debtor, it may be issued to the sheriff of any county where the judgment is docketed." Now, in the case at bar, while it appears that the writ was issued, in the sense of being taken from the clerk's office, on the 20th day of March, it also appears that it was not delivered to the sheriff until the 24th day of March, the day when the judgment was docketed in the county of Mower, to which the execution ran. Section 264, chapter 66, General Statutes, evidently contemplates, however, that the judgment shall be docketed in the county to which the execution is to run, before such execution leaves the clerk's office, since it requires the clerk to insert the date of such docketing in the execution itself.

But even though the execution be taken from the clerk's office before such docketing, if it be levied on personal property only, and is not delivered to the sheriff until after such docketing, it is impossible to regard the failure to comply with the statute as fatal to the validity of the execution, or as anything worse than a harmless irregularity. These views render it unnecessary to consider the effect of the amendment of the docket allowed by the court below; and as to the point raised in reference to the finding of the referee, that the levy was made March 24th, we will only say, that the finding is sufficiently supported by the sheriff's return.

The remaining branch of appellant's defence rests upon the fact that he took the property in controversy as mar-

Mollison v. Eaton.

shal, by virtue of a warrant in bankruptcy, commanding him to take possession of all the property and effects of said execution debtors, and safely keep the same until further order of the United States district court. Before the commencement of proceedings in bankruptcy, the execution had been levied by plaintiff as sheriff, upon the property in question, and such property was taken from his possession as sheriff, " without his consent, and against his will, by the defendant, as marshal aforesaid." *In Buck vs. Colbath* 3 *Wallace*, 341, it is said that " whenever property has been seized by an officer of the court by virtue of its process, the property is to be considered as in the custody of the court, and under its control for the time being; and no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises." *See also Hagan vs. Lewis*, 10 *Peters*, 400; *Taylor vs. Carryl*, 20 *Harwood*, 585; *Freeman vs. Howe*, 24 *Howard*, 450. We perceive nothing to take the case at bar out of the rule thus laid down. Certainly the district courts of the United States have no " direct supervisory control " over any state court ; and although such district courts would seem to be invested, to some extent, with a superior and paramount jurisdiction over the estates of bankrupts, we do not discover that this jurisdiction is broad enough to authorize the marshal, simply upon a warrant such as was issued in this case, to take from the possession of a state sheriff, property held by virtue of a levy of the *final* process of execution issued by a state court, and levied before the commencement of bankruptcy proceedings. Whether authority can be conferred upon the marshal to take property so situated from the possession of the sheriff upon some proceeding instituted in the state or

federal courts for the special purpose of obtaining such authority, the facts presented by the case at bar do not call upon us to determine.

Judgment affirmed.