CATHERINE JOSUEZ, Appellant, *against* WILLIAM C. CONNER, AS LATE SHERIFF, &c., Respondent.

(Decided February 4th, 1878.)

Where the complaint, in an action against a sheriff for damages for a false return of "not found" to an execution against the person, alleged that the action in which the execution issued was one in which an execution against the person would lawfully issue, and that an order of arrest had been issued therein, which was met by a denial of any knowledge or information sufficient to form a belief as to whether the execution had any force or vitality in law,—*Held*, that the burden of proof was on the plaintiff to show the issuing of a valid execution against the person.

*It seems* that if in such a case the plaintiff were to allege only that the execution directed the sheriff to take the body, etc., the fact that the action was one in which such execution could not lawfully issue, or that no order of arrest had issued therein, would have been matter of defense to have been pleaded and proved by the defendant.

In such a case, if the action in which the execution against the body was issued was one in which such execution could not lawfully issue unless an order of arrest had been previously issued therein, the plaintiff must prove the issuing of such order.

A sheriff is under no obligation to execute a void process regular upon its face.

The best evidence of the fact that an order of arrest has issued in an action is the order itself.

Secondary evidence to establish that fact will not be allowed, unless it is sufficiently shown that the original order is lost or destroyed.

Where the evidence showed that when the order was last seen it was in the hands of a judge of the court from which it issued, that the judge had since died, that the plaintiff's attorney had searched, as he testified, "with great care" the files and indices of the clerk's office and had not found the order, that it should be there, and that he did not know where it was:—*Held*, that the loss or destruction of the order had not been sufficiently shown.

APPEAL by the plaintiff from a judgment of this court, entered upon a dismissal of complaint by the court, at a trial before Judge LARREMORE and a jury, and also from an order refusing a new trial.

This action was brought against William C. Conner, as sheriff of the city and county of New York, to recover damages for a false return to an execution against the person of one Francis Everaet. The complaint alleged the recovery of a judgment in favor of Catherine Josuez against Francis Everaet in the Marine Court of the city of New York; the return of an execution against the property of Everaet; the issuing of the execution against his person; that the action in which it issued was one in which an execution against the person would lawfully issue; that an order of arrest therein had been granted, and the defendant Everaet thereunder had been arrested and held to bail; that during the entire time the sheriff held the execution against the person Everaet was within his county, and that the sheriff falsely returned the execution " not found."

The answer admitted receiving the execution against the person; denied that the defendant had any knowledge or information sufficient to form a belief as to whether the execution ever had any force or vitality in law; denied that Everaet was within his county, or that the execution was returned " not found," and alleged as a separate defense that Everaet was insolvent, and by collusion with the plaintiff kept himself concealed during the entire time the execution against his person was in the hands of the sheriff.

At the trial, plaintiff offered in evidence the judgment roll in the action in which the execution was issued. It contained several orders, one of them an order denying a motion to vacate two several orders of arrest granted in that action. These orders were excluded by the court, and the judgment roll admitted. Plaintiff excepted to the exclusion of the orders. Plaintiff put in evidence an undertaking upon application for an order of arrest, with indorsement of approval. The execution against the person, offered in evidence by the plaintiff, was admitted, subject to its being connected

by legal proof of the granting of the order of arrest. The plaintiff's attorney, Mr. Wilder, then testified that he applied for the order of arrest to a justice of the Marine Court; that the justice granted it; that a marshal served it; that the defendant was arrested under it; and that the defendant, Everaet, moved to vacate it. He further testified that he did not know what had become of the order of arrest; that he had examined the files and books of indices in the clerk's office down to the present day with great care, and that it was not there; that the last time he saw it Judge Spaulding, a justice of the Marine Court, had it; that it was handed up to Judge Spaulding at the trial of another action brought by the same plaintiff against the marshal. Plaintiff separately offered in evidence the order denying the motion to vacate the order of arrest which was attached to the judgment roll, but this was excluded upon the objection that proper foundation for secondary evidence had not been laid, to which ruling plaintiff excepted. Plaintiff offered in evidence another order made in the action in the Marine Court, directing the marshal to execute the order of arrest, and to arrest the defendant, Everaet. This was excluded upon objection, and the plaintiff excepted. Francis Everaet then testified for the plaintiff that he had been arrested in the action in the Marine Court, and that he was in the county all the while the sheriff held the execution against his person, and did not conceal himself. The defendant introduced no evidence, and at the close of the plaintiff's case moved to dismiss the complaint. The court granted the motion, holding that plaintiff had not made out a *prima facie* case; and had not established the loss of the order sufficiently to admit of the introduction of secondary evidence. To this ruling the plaintiff excepted.

*Edward P. Wilder*, for appellant, cited, on the duty of the sheriff under the execution, 17 Wend. 483; 21 Wend. 40; 11 Hun, 253; 5 Hill, 440; 16 Wend. 519; 24 Wend. 487; 13 Johns. 529; 15 Johns. 155; 8 Cow. 194; 23 How. 126; 13 Wend. 40; 4 Bosw. 384; 9 N. Y. 210; 2 Edm. Stat. p. 459, § 77; 6 How. 75; 12 Wend. 97; 44 N. Y. 165: 5 Johns.

100; 9 N. Y. 210; 7 N. Y. 199. On secondary evidence, Starkie on Ev. 536 ; Greenleaf on Ev. § 558 ; Wharton on Ev. § 142 ; Id. § 147; 4 Wend. 543; 10 Barb. 376; 7 Peters, 99 ; 6 Binn, 59. On the exclusion of the orders attached to judgment roll, Old Code, § 281 ; 6 N. Y. 565 ; 14 How. 427.

*Vanderpoel, Green & Cuming* and *H. W. Bookstaver*, for respondent, cited, on dismissal of complaint, 28 How. Pr. 225 ; *Sawyer* v. *O'Brian*, Com. Pleas, not reported; 16 Wend. 562; 1 Hill, 118 ; 13 Wend. 68 ; 7 Hill, 35 ; 40 N. Y. 124 ; 19 Abb. 306 ; Hoff. Prov. Rem. 22, 23. On secondary evidence, 10 Johns. 363 ; 6 Cal. 460; 1 Abb. Pr. N. S. 121 ; 19 Johns. 193 ; Code Civil Procedure, § 961; 3 Johns. 300 ; 7 Cow. 334; 1 Carr & Payne, 282; 1 Ala. Rep. 71 ; 1 Hud. and Brooke Rep. 748, 749; 3 Hawks, 364 ; 12 Johns. 192 ; 16 Johns. 193 ; 3 Johns. 374 ; 4 Cow. 483 ; 5 Peters, 239–243 ; 4 Wend. 543. On the exclusion of the orders, 6 N. Y. 560 ; Code of Procedure, § 281.

CHARLES P. DALY, Chief Justice.—The main question discussed upon this appeal was, whether the plaintiff should have been allowed to prove the existence of an order of arrest by secondary evidence. The complaint averred that the action was such in its nature that an execution against the person of the judgment debtor could lawfully issue to enforce the judgment; and that an order of arrest against Everaet had been duly granted in the action; which the answer traversed by denying any knowledge or information sufficient to form a belief as to whether the said pretended execution had any force or vitality in law.

It was incumbent, therefore, upon the plaintiff, to maintain the action, to show that an order of arrest had been issued as averred in her complaint, which she failed to do. To do this, she was bound to produce the original order, or show that it could not be found after a diligent search for it.

The order was returnable to the Marine Court. It appears from Mr. Wilder's testimony that the last he saw of it was in the hands of Judge Spaulding, a judge of the court, who

is now dead; that all the witness knew respecting it was, that he gave it to the marshal to serve, who is no longer a. marshal; that he made diligent search for him, but could not find him; that a motion was made to vacate the order of arrest, in which motion it was handed up to Judge Spaulding, who looked at it; but what he did with it the witness could not say, further than that his impression was that the judge put it in his pocket. The proper place to look for it, the motion having been denied, was in the clerk's office of the court, and if not found there, some inquiry should have been made of the deceased judge's executors or other persons having his papers. Mr. Wilder testifies that he has examined the books and files of indices in the clerk's office of the Marine Court, down to the present time, with great care, but did not find it. It ought, he says, to be there, but it is not, and he does not know where it is. The judge below held that this was not due diligence to entitle the plaintiff to give secondary evidence of the contents of the order, and we cannot say that the judge erred in so holding.

The plaintiff claims that her motion for judgment on the pleadings should have been granted. The motion, in my judgment, was properly denied. The question was not whether the sheriff would have been protected if he had arrested the defendant upon the execution, the execution being regular upon its face. The action was brought against the sheriff for not returning it; and unless, as the plaintiff has averred, the action in which the judgment was rendered was such that an execution against the person could lawfully issue to enforce the judgment, or unless an order of arrest had been obtained, the execution was void, being unauthorized by law; and the plaintiff cannot maintain an action against the sheriff for failing to return an execution which the plaintiff had no right to issue. (*Carpentier* v. *Willett*, 28 How. Pr. 225; *Wood* v. *Henry*, 40 N. Y. 124.)

It is an ample defense to this action, to show that the plaintiff had not sustained, and could not sustain, any injury by the officer's failure to return such an execution, or by his returning that he could not find the defendant. It is no de-

fense to an action for not returning an execution that it was irregular. If an execution is voidable for any defect or irregularity, it is no excuse for the officer, as that is a matter of which the party alone can take advantage. It is voidable whenever it is amendable, and it is not amendable if there was no authority whatever in the law to issue execution against the person. No execution can issue for the arrest of a person, except in the cases provided by law; and if issued upon a judgment in an action where the defendant is not, and could not be, subjected to arrest, it is not merely voidable, but void. Process which is void, although it may be regular on its face, the officer is under no obligation to execute, and he may, in an action brought against him for refusing to execute it, set up its invalidity. (*Cornell* v. *Barnes*, 7 Hill, 35; *Earl* v. *Camp*, 16 Wend. 567; *Parmalee* v. *Hitchcock*, 12 id. 97; *Bacon* v. *Cropsy*, 7 N. Y. [3 Seld.] 199; *Albee* v. *Ward*, 8 Mass. 79; *Dillingham* v. *Snow*, 5 id. 558; *Anon.*, 1 Ventr. 259; *Squib* v. *Hale*, 2 Mod. 29; S. C. 1 Freeman, 129.)

If the plaintiff had simply averred that the officer was commanded by the execution to arrest the person of the defendant, then it would have been incumbent upon the officer to show in his justification, and as a defense to the action, that the process was void. But the plaintiff saw fit to aver that it issued upon a judgment in an action in which the defendant was liable to arrest; and as the marshal traversed this averment the plaintiff had to prove it, it being a matter especially within his knowledge, as he brought the action. What was said by Justice Willard in *Hutchinson* v. *Brand* (9 N. Y. 210), upon which the appellant relies, so far as it implied that if the execution was issued in an action in which the defendant could not be arrested, the remedy was by motion to set aside the execution; and that the sheriff was bound to execute it, was merely *obiter*. The case before the court was simply one of irregularity. The words " or be discharged " had been omitted in the execution, which would not render it void, as it was amendable; and that it was defective in this respect, as I have already said, could be no defense to the sheriff, which was what was necessarily de-

cided in the case, whatever Justice Willard may have said in his opinion respecting the law. His attention, obviously, was not drawn to the distinction that the sheriff is not bound to execute process which is void, although regular upon its face, and to the long list of authorities, even before the recent cases I have cited from the Court of Appeals, that have held that to be the law ; and a like misconception is apparent in the use of the word " void " in the marginal note in *Blivin* v. *Bleakely* (23 How. Pr. 124), the other case relied upon by the appellant.

If the plaintiff had had an official search made by the clerk of the Marine Court, and the order could not be found in the clerk's office, I should have been disposed to regard that as a sufficient exercise of diligence, as it should have been returned to the clerk's office after the denial of a motion to discharge the arrest. The plaintiff's attorney's statement that he examined the files and books of indices in the clerk's office, with great care, amounts to little more than his opinion of the nature of his search. What acquaintance he had with the mode of keeping papers in the clerk's office is not shown ; nor what he really did, except the general statement that he examined the files and books of indices. When a paper that ought to be in a public office is not readily found, the proper course is to get the officer who is in charge of the office to search for it, and prove the search by him, or by the deputy who made it, or give in evidence the certificate of the clerk that he had made a diligent examination in his office and that it could not be found (2 R. S. 552, § 13), which is the course usually pursued in such cases. An official search by the clerk or his deputy, however, is not indispensable. It may be equally effectual when made by one not connected with the office, provided he has had an equal opportunity to ascertain the fact, and has done all that the official could have done. Thus, in *Jackson* v. *Russell* (4 Wend. 543), a search made in the surrogate's office for a will by a person not connected with the office, but which was made under the surrogate's direction, was deemed equivalent to a search by the surrogate himself ; and in *McGaley* v. *Alston* (2 M. & W.

206), a search made for a cancelled check in the office where such checks were kept, by the examination of several bundles of cancelled checks handed to the person applying by the official in charge of the office, was held sufficient. *Winor* v. *Tillotson* (9 Peters, 99) was a like case. The missing deed had been in the possession of General Wade Hampton. The plaintiff's attorney applied to him for it, and the general gave the attorney a.bundle of papers, saying it contained all the titles to a certain tract of land, a title to a part of which was claimed under the missing deed ; and the deed, upon examination, not having been found by the attorney in the bundle, it was deemed a sufficient search. In *Kaufman* v. *Congregation, &c.* (9 Binn. 59), the search was made among the papers of the deceased person with whom the agreement had been left by the person with whom it had been deposited, which was held sufficient. In *The King* v. *Stourbridge* (8 B. & Cres. 96), the indenture had been sent to the overseers of the parish, and, if received, ought to have been put in a chest in which such indentures were kept; and a diligent search for it in the chest by an overseer of the parish was held to be enough. In *Teale* v. *Van Wyck* (10 Barb. 377), a search for a bond that ought to have been filed in the county clerk's office was made by the plaintiff's attorney *in the places in the office where such bonds were usually filed*, and could not be found. He did not testify that he made the search under the direction of the county clerk; but as no objection was made upon that ground in the court below, it was held that it could not be raised upon the appeal.

I have thus reviewed all the cases upon which the appellant relies, and no one of them would warrant us in deciding that the judge below erred in holding that the evidence given was not sufficient to show that such a diligent search had been made, as to create the presumption that the order of arrest was lost, or establish that it could not be found, so as to entitle the plaintiff to give secondary evidence of its contents. A simple mode existed of proving that the order could not be found in the clerk's office, by obtaining a certificate of that fact from the clerk (2 R. S. 552, § 13); and

this being the case, it would be encouraging a very loose practice to allow as equally satisfactory the testimony of an attorney, that he has searched with great care, without any thing before us to warrant our assuming that he knew where and how to search for the order; or any evidence that he applied to the clerk, or any of the officials in the office, for information; or made his search under their supervision or direction.

The judgment should therefore be affirmed.

ROBINSON and JOSEPH F. DALY, JJ., concurred.

Judgment affirmed.