Bugbee vs. Lombard and another.

---

BUGBEE, Appellant, vs. LOMBARD and another, Respondents.

*September 6 — October 2, 1894.*

EXECUTIONS. (1) *Levy on property in the hands of a fraudulent vendee: Justification.* (2, 3) *Issuance to another county: Docketing judgment: Evidence.*

1. Where an execution was levied on property in the hands of a third person, who claimed title thereto under a transfer from the judgment debtor, the officer and creditor attempting to justify under the writ on the ground that such transfer was fraudulent must show that they acted under a valid judgment and execution.

Bugbee vs. Lombard and another.

2. An execution cannot be issued to a county other than that in which the judgment was rendered, until the judgment has been docketed in such other county.

3. The existence of the judgment in the county of its rendition and the issuance of an execution to another county afford no presumption that the judgment had been docketed in the latter county.

APPEAL from the Circuit Court for *Douglas* County.

This action was brought against *Lombard*, sheriff of Polk county, and the *Twohy Mercantile Company*, for the taking and converting of personal property, the plaintiff claiming title thereto by bill of sale from one Wells. The defendants justified under an execution alleged to have been issued out of the circuit court for Washburn county, to the sheriff of Polk county, upon a judgment in that court in favor of the defendant the *Twohy Mercantile Company*, against said Wells, under which it was sold; and the defendants claimed that the transfer from Wells to the plaintiff was fraudulent and void as to the creditors of the former.

Evidence was given tending to show that a levy had been made June 4, 1892, on the property in question, by the defendants, under an execution conceded to be invalid, and that this levy had been released; that on the 24th of the same month the same property was levied on under an execution issued out of the circuit court for Washburn county on the judgment mentioned in the answer. The transcript of this judgment was put in evidence, showing that it had been satisfied in part, and that execution had been issued to the sheriff of Polk county for the remainder, June 24, 1892, but the execution had been lost. The defendant *Lombard*, sheriff of Polk county, testified concerning it, in substance, that it was upon a judgment rendered in Washburn county in favor of the *Twohy Mercantile Company*, signed by the clerk for Washburn county, and under the seal of the court for that county; that he had handled several executions, and levied under them, and it appeared in

the same manner with others; was in the usual form, and fair on its face, as far as he could see; stated the county in which the judgment was rendered; and was against said Wells. The plaintiff asked to have the evidence in respect to a levy on the property under this execution stricken out, but this was denied. There was no evidence produced to show that a transcript of the judgment had been filed and the judgment docketed in the office of the clerk of the circuit court for Polk county.

The court instructed the jury that the bill of sale was void, and directed a verdict for the plaintiff for nominal damages only, by reason of the levy of June 4th under the first and invalid execution. From a judgment on this verdict the plaintiff appealed.

For the appellant the cause was submitted on the briefs of *A. L. Bugbee.*

For the respondents there was a brief by *Ross, Dwyer & Hanitch,* and oral argument by *W. D. Dwyer.*

PINNEY, J. The action having been brought by the plaintiff claiming title to the property in question under a transfer from the defendant in the judgment and alleged execution, and as the transfer to him was sought to be impeached as having been made in fraud of creditors, it became necessary for the officer, *Lombard,* as well as the creditor, the *Twohy Mercantile Company,* to show that they acted under a valid judgment and execution. An execution fair on its face is not, in such case, of itself sufficient to protect the officer. *Bogert v. Phelps,* 14 Wis. 88. The failure to show that the judgment against Wells in the circuit court for Washburn county had been docketed in the office of the clerk of the circuit court for Polk county, to which county the execution was issued, was a fatal defect in the defense of the defendants. Execution against the property of a judgment debtor, situated in a county

Bugbee vs. Lombard and another.

other than that in which the judgment was rendered, can only be issued after the judgment has been docketed in such other county. R. S. sec. 2971. The only authority for issuing an execution to another county is conferred by this section, and until the judgment is docketed in such county no execution can be issued to the sheriff thereon. The defect is jurisdictional. *Kentzler v. C., M. & St. P. R. Co.* 47 Wis. 641; *Smith v. Buck*, 22 Wis. 577. The fact of the existence of the judgment in the county of its rendition, and that an execution had been issued to another county, does not afford any presumption of the existence of the independent and material fact essential to its validity; namely, that the judgment had been properly docketed in such county. 2 Best, Ev. § 300; *U. S. v. Ross*, 92 U. S. 281; *Befay v. Wheeler*, 84 Wis. 142. A mere recital of such docketing, if any there had been, in the execution would not supply the defect in a case such as this, where a judgment duly docketed is indispensable to the validity of the execution and to the defense relied on. An execution fair on its face merely would not be a protection or defense, any more than an execution fair on its face would justify, in a case like the present, a presumption that it was founded on a valid judgment; for the docketing of the judgment in the county to which the execution was issued was as indispensable to the defense as that there should be a judgment on which it was founded. It was error, therefore, to refuse to strike out the evidence of a levy on the property under the execution to the sheriff of Polk county, and to direct the verdict in question.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.