**791 PETERSON vs. CIRCUIT JUDGE** (Wayne), No. 15412; 66 N. W., 487; 2 D. L. N., 941.

To issue an order vacating a levy, in a case where a stay of proceedings for twenty days had been obtained, but six weeks after that time had expired a writ of error was taken out and a bond filed, and in the meantime a levy had been made under an execution issued nineteen days after the stay had been entered, but which was not delivered to the sheriff until after the lapse of the twenty days.

Denied March 11, 1896, with costs, on the ground that the bond filed was not retrospective, and the execution could not be regarded as issued until placed in the sheriff's hands.

**792 SCOFIELD vs. CIRCUIT JUDGE** (Clinton), No. 14654.

To vacate an order setting aside an order made, upon petition filed, to set aside a sale made by a receiver, nominally to his mother, but in reality to himself, requiring the purchaser to appear on a day fixed and answer said petition.

Denied March 19, 1895, with costs.

It appeared by the return that the circuit judge, making and setting aside said order, was at the time sitting in said circuit in the place and stead of the circuit judge of that county; that the confirmation of said sale was opposed before a former judge, upon the ground that the sale was in fact made to the receiver, but the circuit judge held otherwise and confirmed the sale, and an application had afterwards been made to the then circuit judge for that county, and an order for the appearance of the parties was issued thereon, and on the return day the petition was dismissed on the ground, among others, that relator here, petitioner there, was guilty of laches and that, upon the confirmation of the sale, the question now raised had been gone into and examined.