## McDonald v. Fuller, Sheriff, *et al.*

1. Failure of an execution, issued to a county other than that in which the judgment was rendered, to state that a transcript had been filed in the former county, is a mere irregularity.

2. Under Comp. Laws, § 5114, providing that execution " may be issued to the sheriff of the county where the judgment is docketed," an execution issued to a county other than that in which the judgment was rendered is valid, though taken from the clerk's office before the judgment is dock-

eted in the former county, docketing occurring before the execution was delivered to the sheriff.

3. An apparent alteration in an execution will be presumed to have been innocently made before issuance of the writ.

4. Judgment in claim and delivery suit on verdict directed for plaintiff, after the execution on which defendant relied had been excluded from evidence, having been reversed on appeal on the ground that the execution was improperly excluded, the appellate court will remand the cause for new trial, and not direct judgment for defendant.

Haney, J., dissenting.

(Opinion filed December 21, 1898.)

Appeal from circuit court, Butte county. Hon. A. J Plowman, Judge.

Action in claim and delivery by Thomas W. McDonald against George S. Fuller, sheriff of Butte county, and another. Judgment for plaintiff. Defendants appeal. Reversed.

The facts are stated in the opinion.

*John R. Wilson*, for appellants.

*McLauglin & McLaughlin*, for respondents.

Corson, P. J. This was an action in claim and delivery. A verdict was directed for plaintiff. and from the judgment entered thereon, and order denying a new trial, the defendant appealed. The appellant was sheriff of Butte county, and sought to justify the seizure and detention of the stock of goods in controversy in this action, under and by virtue of certain executions issued to him, as such sheriff, on judgments recovered in Lawrence county, against one Edward McDonald, who, he claimed was the owner of said stock of goods. On the trial the transcripts of the judgments and docketing in two cases were objected to, and excluded by the court, upon grounds not

necessary now to be stated, as the main question upon which this decision will be made is fully presented by the record in the third case, of the C. D. Woodward Company against Edward McDonald. An execution issued upon the judgment in that case being offered in evidence, counsel for respondent objected to its reception, on the following grounds: "(1) Be cause the execution is defective, in that it does not show that any transcript has been filed in Butte county; (2) because it appears from the execution that it was issued on the 23d day of September 1895, and the filing mark of the clerk shows that the transcript was not filed here until September 24, 1895, and therefore the execution was issued prematurely. Plaintiff also objects to this execution for the reason that there is an alteration in it apparent on the face of it, which is not explained." The objection was sustained, and the ruling of the court is assigned as error.

The first ground does not require much consideration, for the reason that the failure to insert in the execution the date when the judgment was docketed in Butte county constituted mere irregularity, and was amendable, provided the judgment was in fact docketed in Butte county. Freem. Ex'ns, § 64, *et seq.* The second ground raises a more important question. It is contended by the respondent that the clerk of Lawrence county had no authority to issue the execution until the judgment was docketed in Butte county, and that it was therefore void. The appellant contends that, as the execution was not delivered to the sheriff until after the judgment was docketed in Butte county, it was in legal effect, issued after the judgment was properly docketed in the latter county. Section 5114, Comp. Laws, provides that, "when the execution is against the prop-

erty of the judgment debtor, it may be issued to the sheriff of the county where the judgment is docketed." Was the docketing in Butte county, therefore, a condition precedent, that must be complied with before the clerk was authorized to issue an execution to the sheriff of that county, and was the execution so issued void?

The authorities upon this question seem to be somewhat conflicting. The supreme court of Wisconsin holds that an execution so issued before the judgment is docketed in the county to which the execution runs is void, on the ground that the clerk has no authority to issue it. Smith v. Buck, 22 Wis. 577; Kentzler v. Railway Co., 47 Wis. 641, 3 N. W. 369; Bugbee v. Lombard, 88 Wis. 271, 60 N. W. 414. But in neither of these cases was the precise question we have under consideration before the court, for the reason that in these cases it does not appear that the judgments had been docketed in the proper county at any time. But in the more recent case of Gowan v. Fountain, 52 N. W. 862, the supreme court of Minnesota takes a different view, and holds that "an execution issued to a county other than the one in which the judgment was rendered is valid, though taken from the clerk's office before the judgment is docketed in the county to which it runs, but not delivered to the sheriff for service until after the judgment is so docketed." In its opinion that learned court says: "It was issued, in the sense of being taken from the clerk's office, before the judgment was docketed in Chippewa county; but the judgment was docketed in that county before the execution was issued, in the sense of being delivered to the sheriff for service, and this is, in legal contemplation, the date of the issue of an execution. This was, in substance, what was held in Mollison v. Eaton, 16 Minn,

426 (Gil. 383). It is true that in that case the levy was on personal property, but, as respects the authority to issue an execution to another county, we cannot see how that makes any difference. The practice adopted in the present case has obtained in this state from a very early date. It is an eminently convenient one, and injures nobody. Our conclusion, therefore, is that the execution and the sale under it were valid." It will be observed that the question decided by that court is the precise question presented by the case at bar, and the view taken by that court is sustained by the earlier decisions in New York. Stoutenburgh v. Vandenburgh, 7 How, Prac. 229; Blivin v. Bleakley, 23 How. Prac. 124. In the late case of Dunham v. Reilly, 110 N. Y. 366, 18 N. E. 89, the court of appeals held an execution so issued was void. But the facts of that case were not only different from the one at bar, but, when that decision was made, the statute had been materially changed, as will be seen by the opinion. The court says: "By Section 1365 [Code Civ. Proc.] it is enacted that executions against property 'can be issued only to a county in the clerk's office of which the judgment is docketed.' The power to issue the process is given where, in some county, there is the prescribed docket, and only in that event. The language seems to involve both an authority and a prohibition—an authority where the judgment is docketed in any county to issue the execution to that county; and a prohibition, couched in the word 'only,' against any such issue to a county in whose clerk's office there is no such docket. * * * Here the judgment never was docketed during the life of the process, and not until long after its validity was spent. When the docket was made, there was no execution in existence that could be made good by any mode of amendment, and

an effort to amend would be to create a cause of action where none before existed. But there is a further fact to be considered. The cases cited were under the provisions of the Old Code, Section 287 of which provided that, 'when the execution is against the property of the judgment debtor, it may be issued to the sheriff of any county where the judgment is docketed.' This language, which was permissive, and possibly might be deemed only directory, has been changed to the peremptory and mandatory words 'can be issued only.' We must recognize and give effect to the manifest purpose of the altered language." It will be observed that the former section of the New York Code is identically the same as our Section 5114. The views expressed by the supreme court of Minnesota, that an execution may be regarded as issued when delivered to the officer for service, are supported by well-considered cases. Pease v. Ritchie (Ill. Sup.) 24 N. E. 433; Peterson v. Carpenter (Mich.) 66 N. W. 487; Bank v. Dwight, 83 Mich. 191, 47 N. W. 111. See, also, 1 Freem. Ex'ns, § 25, and authorities cited as to when an execution is void, and when irregularly issued.

It is claimed by counsel for respondent that the decision in Locke v. Hubbard, 9 S. D. 364, 69 N. W. 588, is decisive of this case in favor of respondent. But we do not so regard it. In that case an execution was issued before there was any judgment upon which to base it. The clerk therefore had no authority to issue an execution for any purpose. But in the case at bar there was a judgment, and the clerk was authorized to issue an execution thereon to the sheriff of his own county. Being based upon a valid judgment, the execution in this case became effective when the judgment was docketed in the proper county, and before the execution was delivered to the sheriff

for service.    We  do  not wish to be understood as holding that
the execution would be void if delivered to the sheriff, and exe-
cuted, before the judgment was docketed.    That is  a  question
not presented by  this record, and therefore  is  not decided  at
this time.

It  is  also contended that the execution was void by reason
of  an  alteration appearing  upon  its  face, which  was  not ex-
plained before it was offered in evidence.    But in such  a  case
"the presumption  against  fraud  is  applicable, and  the  court
will  proceed on  the  assumption  that  the  apparent alteration
was innocently made, prior to the issuing of the writ."   1 Freem.
Ex'ns, § 47.    The learned circuit court was clearly  in  error in
excluding the execution in this case, and for this error the judg-
ment must be reversed,  and a new trial ordered.

Appellant further contends that if  the trial court erred in
excluding the execution, and this court so holds, then,  upon  the
facts, this court should direct the  court  below  to  enter judg-
ment for appellant; as a motion to direct a verdict was made by
appellant  in  the court below.    In  a  few cases where the trial
has been had before the court without a  jury, and all the facts
have been fully found by the trial court, this court has directed
the judgment to be  entered  upon  the ground that, under the
facts found, only  such  a  judgment could  be  legally entered.
Hamlin Co. v. Clark Co., 1 S. D. 131, 45 N. W. 329;  McPherson
v. Fargo, 10 S. D. 611, 174 N.W. 1057.    But, ordinarily, in a case
tried by a jury we would not feel justified in directing the entry
of  any  particular  judgment, though, where  the  judgment is
directed by the trial court, this court, upon a review of the evi-
dence, might affirm such judgment.    It may be, and probably is,
the fact that as counsel for the respondent succeeded in exclud-

ing the execution offered in evidence, thereby leaving the appellant without any justification for his seizure and detention of the property, they did not deem it necessary to offer any further proof in the case; and the learned circuit court directed a verdict for the respondent presumably upon the theory that the appellant had shown no right to question respondent's title to the property. It is therefore clear that this court should go. no further than to grant a new trial, without reviewing the evidence or intimating any opinion upon its weight. The judgment of the circuit court and order denying a new trial are reversed, and a new trial ordered.

HANEY, J., dissenting.