Collins, Respondent, vs. Smith and another, Appellants.

*December 5, 1889 — January 7, 1890.*

EXECUTION. *(1) By whom issued . after assignment of judgment. (2) Within what time land may be sold. (3) Setting aside sale for inadequacy of price: Discretion.*

1. A judgment creditor who has assigned the judgment as security for a debt, but has retained the right and has the assent of the assignee to issue execution thereon and take any other necessary

Collins vs. Smith and another.

and proper steps to collect the same, may issue execution in his own name.

2. Though, under sec. 2902, R. S., a docketed judgment ceases to be a lien upon the real estate of the debtor after ten years from the date of its rendition, yet, under secs. 2968, 2969, if sufficient personal property cannot be found, such real estate may be sold under an execution issued at any time within twenty years.

3. Lands were sold on execution for $1,415. On a motion to set aside the sale for inadequacy of price affidavits were read, stating that the lands were worth $6,000, and that several of the affiants would pay that much for them. These affidavits were made before the time to redeem from the sale had expired, and when the judgment debtor could have conveyed a good title on payment of the judgment — less than $1,500. It also appeared that the judgment debtor forbade the sale, and publicly impeached the validity of the judgment and execution, thus doing all in his power to prevent the land from selling at an adequate price. *Held*, that there was no abuse of discretion in refusing to set aside the sale.

APPEAL from the Circuit Court for *Outagamie* County. The plaintiff, *A. L. Collins*, recovered judgment in the circuit court of Outagamie county against the defendants, *Frederick H.* and *William Smith*, on June 23, 1877, for $998.40. A transcript of such judgment was duly filed in the office of the clerk of the circuit court of Shawano county on June 26, 1878.

Execution was issued on such judgment to the sheriff of Shawano county, May 14, 1881. Real and personal property was sold under such execution, and the process was returned November 7, 1881, satisfied to the amount of $991.85, and unsatisfied as to the residue. On an appeal from an order of the circuit court refusing to set aside such sale, this court reversed the order as to the real estate, and directed the circuit court to vacate the same because of insufficient publication of the notice of sale. 57 Wis. 284. The circuit court thereupon made an order, dated January 11, 1884, vacating the sale of the real estate, and awarding an *alias* execution for the balance due on the judgment, in-

cluding $810, which was the amount realized on such sale of real estate and included in the $991.85 returned satisfied by the sheriff. This reduced the actual payment on the judgment to $181.85, realized from the sale of personal property under the execution, which is considerably less than the interest that had accrued on the judgment at the time of such sale. No appeal was taken from this order, and it establishes the *data* for computing the amount due on the judgment at that date and since.

March 25, 1884, an *alias* execution was issued on the judgment, and on June 9th of the same year it was returned unsatisfied. April 6, 1885, another execution was issued thereon, which was returned August 3, 1885, — $355 made thereon by sale of real estate. This sale was set aside by the court, on motion of defendants, on September 7, 1886.

June 26, 1887, the plaintiff assigned the judgment to one C. A. Ilsley, by an entry in the clerk's docket in the form and executed in the manner prescribed by sec. 2906, R. S. January 20, 1887, the plaintiff issued another execution in his own name and in the usual form to the sheriff of Shawano county, requiring the sheriff to collect on the judgment $1,367.62, and certain interest, and costs. Under such execution, and on October 22, 1887, the sheriff sold several tracts of land belonging to the defendants or one of them,— the plaintiff being the only purchaser at the sale,— for the sum, in the aggregate, of $1,415. He also made and filed in the office of the proper register of deeds the certificate of such sale, required by the statute.

October 1, 1888, the defendants moved the court, on the records in the case and the affidavits of several persons, to set aside and vacate the levy and sale under the execution of January 20, 1887, and the certificate of sale, and to enjoin the plaintiff from procuring a deed of the lands under such purchase thereof by him, and for general relief. The grounds of the motion, and the contents of such affidavits,

are sufficiently stated in the opinion. Under date of January 4, 1889, the court made an order denying the motion, from which order the defendants appeal.

For the appellants there was a brief signed by themselves and by *G. W. Cate* and *G. T. Thorn*, attorneys, and the cause was argued orally by *Silas Bullard*. To the point that the sale of the lands more than ten years after the date of the judgment was void, they cited R. S. sec. 2902; *Holmes v. McIndoe*, 20 Wis. 657, 670; Rorer on Judicial Sales, sec. 617; *Tenney v. Hemmenway*, 53 Ill. 101, 195; *Scammon v. Swartwout*, 35 id. 326; Freeman on Executions, 81, 266; *Bagley v. Ward*, 37 Cal. 121; *Isaac v. Smith*, 10 id. 81.

For the respondent there was a brief signed by *A. L. Collins*, in person, and *John Goodland*, of counsel, and oral argument by *Mr. Goodland*.

LYON, J. The grounds upon which the defendants seek to set aside the proceedings under the execution of January 20, 1887, are: (1) The execution was improperly issued by the plaintiff after he had assigned the judgment to another; (2) the sale under such execution was made more than ten years after the judgment was docketed, and hence the real estate of the defendants could not lawfully be sold on execution to satisfy the judgment; and (3) the price for which the lands were sold is grossly inadequate. These objections to the validity of the execution and sale will be considered in their order.

1. While it was always the law that a judgment might be assigned, and while the statute prescribes certain modes in which such an assignment may be made (R. S. sec. 2906), there is no statutory provision authorizing the assignee of a judgment, or his attorney, to issue execution thereon in his own name, or requiring the fact of the assignment to be stated in the execution. The authority to enforce a

judgment by execution is conferred by the statute only upon the party in whose favor the judgment has been given (R. S. sec. 2965), and the execution must be signed by him or his attorney (sec. 2969). It was so held in *Holmes v. McIndoe*, 20 Wis. 657. The danger apprehended by counsel for the defendants, that this rule may subject the judgment debtor to liability to pay the judgment twice, is, we think, more apparent than real. But if it exists, it is a matter to be remedied by the legislature rather than the courts.

The subject is not, however, of any practical importance in this case, for it appears by the affidavit of the plaintiff, read on the hearing of the motion, that he assigned the judgment as security for a debt, and that " he retained the right, and had the assent of the said C. A. Ilsley, to issue execution on said judgment, and take any other necessary and proper steps to collect the same." This statement is not controverted. So, in any event, the plaintiff was the proper person to issue the execution in question.

2. The statute (R. S. sec. 2902) provides that a judgment, when docketed, shall be a lien for a period expiring ten years from the date of the rendition thereof, on the real property of the judgment debtor, not a homestead, in the county where the same is docketed. This lien is purely statutory — none existing at the common law. By fair implication the judgment ceases to be such lien after the ten years have expired. Because of this, counsel maintain, if we understand them correctly, that, although an execution may lawfully issue at any time within twenty years after the rendition of a judgment (R. S. sec. 2968), if issued after the expiration of ten years it goes against personal property only. We find no such provision in the statute. Sec. 2969 provides that executions of the class in which the execution under consideration belongs shall be issued against both personal and real property. No exception is made.

Hence, no matter when the execution issues, failing to collect it out of the personal property of the debtor, the sheriff may levy upon and sell real estate to satisfy the judgment. The only difference is that, for ten years after the rendition of the judgment, the real estate owned by the debtor when the judgment was docketed is bound for its payment, without regard to intervening interests and rights of others therein, and after-acquired realty is bound in like manner from the date of its acquisition by the debtor, while, for the next ten years, the debtor's real estate is bound only from the time the execution is actually levied upon it, and such levy is subordinate to the previously acquired rights of others in such real estate.

It appears by the affidavit of the defendant *William Smith* that he is the owner of the lands sold under the execution. He does not state when his title accrued. Neither does he state that any other person has any interest therein. The fair inference from his affidavit is that he was the absolute owner thereof when the execution was levied. The interest of the defendants therein at that time was all the sheriff sold, or assumed to sell, on the execution. This appears from the notice of sale.

Cases elsewhere are cited to sustain the contention of counsel for the defendants. After examination of them and of the statutes upon which those adjudications are founded, we are satisfied that none of those cases support the proposition to which they are cited. But, were the fact otherwise, they would not be controlling in the construction of our statutes on the subject we are considering.

Our conclusion is that the real estate of one of the defendants in Shawano county was properly sold on the execution of January 20, 1887.

3. It only remains to consider the alleged inadequacy of price for which the lands were sold. It should be observed that the setting aside of a sale on execution or foreclosure

for inadequacy of price is a matter resting in the sound discretion of the court issuing the process of sale. Mere inadequacy of price is not always, perhaps not usually, sufficient ground of itself for vacating a judicial sale. The discretion to do so should be exercised or withheld as justice to both parties may require, after due consideration of all the circumstances of the case.

The defendant *William Smith* and four other persons depose in their affidavits, read on the hearing of the motion, that the lands which sold for only $1,415 were worth $6,000 when sold. Three of the persons last mentioned depose jointly that they will pay $6,000 for the land, and the other that at any valid sale he would bid and pay the same sum therefor. The affidavits of these four persons were made, respectively, September 27 and 29, 1888. If true, they show inadequacy of price. However, the plaintiff stated in his affidavit that such lands were not worth $6,000, but might be worth $3,000.

It must not be forgotten that the plaintiff has a valid judgment against the defendants, rendered in 1877, which presumably the defendants ought to pay. He has been endeavoring for several years to collect it by legal process, but has been opposed at every step by the defendants, and until now successfully. Moreover, the defendant *William Smith* states in his affidavit that he attended at the time and place appointed, and forbade the sale, publicly impeaching the validity both of the execution and judgment, and that he refrained from bidding for the land or obtaining other bidders therefor at such sale. He thus did all in his power to prevent the land from selling for an adequate price. It is further to be remembered that the affidavits of value, and readiness to pay $6,000 for the land, made by the four persons above mentioned, were made before the time to redeem from the sale had expired, and when the owner, the defendant *William Smith*, could have conveyed

a good title to the lands on payment of plaintiff's judgment. If the lands were worth $6,000, and if the persons making these affidavits were so ready and willing to purchase them at that price, the question naturally suggests itself, why did not the owner sell the land to them, pay the judgment, and retain the surplus of over $4,500? Unexplained, this consideration impeaches these statements of value.

In view of the foregoing considerations, which doubtless controlled the decision of the learned circuit judge, we cannot say that the refusal to set aside the sale under the execution was an abuse of discretion in that behalf.

Finding no irregularity in the execution, nor any error in the proceedings thereunder, we must affirm the order appealed from.

*By the Court.*— Order affirmed.