## EMERSON, Respondent, vs. PIER, Appellant.

*November 27 — December 15, 1899.*

*Ejectment: Offer of judgment: Acceptance: Judgment: Pleading: Practice.*

1. Defendant, in an action of ejectment, having offered in writing to allow judgment to be taken against her according to the demand of the complaint, judgment was entered adjudging plaintiff the absolute owner in fee simple and entitled to the possession of the described real estate. The complaint was in the form prescribed by sec. 3077, Stats. 1898, which requires that plaintiff shall define therein the character of his title, and demanded judgment for the possession of the premises. *Held*, that the whole framework of the statute on the present action of ejectment contemplates, not merely recovery of possession and damages, but also an adjudication of the quality and extent of the title upon which the right of possession is predicated, and, on default, it would have been the duty of the court to adjudge recovery of possession and also the title as set forth in the complaint.

2. The demand in such complaint for judgment for possession must be read, in the light of the statute, as demanding a judgment which grants possession upon a title the quality of which is to be adjudicated at the same time, and hence the judgment was responsive to the tender.

3. Had defendant desired to limit the recovery of plaintiff to less than a fee-simple title, that limitation should have been so specified in her offer, and would then be binding if accepted.

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Action in ejectment. The complaint alleged that the plaintiff was the absolute owner in fee simple and entitled to the possession of certain real estate; that the defendant was in the possession and withheld it; and demanded judgment " against the defendant for the possession of said premises," and for damages. The defendant filed a writing in which she offered to " allow judgment to be taken against her according to the demand of the complaint in said action," which was duly accepted. Thereupon judgment was entered, reciting said offer and consent, and adjudging " that the plaintiff is now, and since the 6th day of May, 1896, has been, the absolute owner in fee simple and entitled to the possession of the following described real estate, . . . and that the plaintiff do have and recover of the defendant, *Kate Pier,* the possession of said described premises." Defendant claims that this judgment is erroneous in adjudicating plaintiff to be the owner in fee simple of the premises, because the same is not justified by the tender of judgment.

*Harriet H. Pier,* for the appellant, to the point that the judgment exceeded the relief demanded in the complaint in violation of sec. 2886, Stats. 1898, cited *McKenzie v. Peck,* 74 Wis. 208; *Geer v. Holcomb,* 92 Wis. 661; *Zwickey v. Haney,* 63 Wis. 464; *Hoh v. Hoh,* 84 Wis. 378; *Lamping v. Hyatt,* 27 Cal. 99; *Wallace v. Eldridge,* 27 Cal. 495; *Gage v. Rogers,* 20 Cal. 91; *Johnson v. Mantz,* 69 Iowa, 710; *Ol-*

*cott v. Kohlsaat*, 8 N. Y. Supp. 117; *Pittsburg C. M. Co. v. Greenwood*, 39 Cal. 71; *Burling v. Goodman*, 1 Nev. 314.

For the respondent there was a brief by *Flett & Porter*, and oral argument by *M. C. Porter*.

Dodge, J.  The complaint is in the form prescribed by statute, which requires that the plaintiff shall define in his complaint the character of his title.  Sec. 3077, Stats. 1898. Upon that complaint it would have been the duty of the court, in case of a default, to enter judgment adjudging that he recover possession, but also adjudging the title as set forth in the complaint; and, although the particular paragraph of the complaint which specified the judgment demanded asked for nothing but possession, such a judgment would not have been held to exceed the demand of the complaint, to which judgments on default must be confined.  Sec. 3086.

The whole framework of the statute on the present action of ejectment contemplates that while the recovery proper is, as anciently, merely a recovery of possession and damages, nevertheless in that judgment shall be adjudicated the quality and extent of the title upon which the right of possession is predicated, and a demand in the complaint for judgment for possession must be read, in the light of the statute, as demanding a judgment which grants possession upon a title the quality of which is to be adjudicated at the same time. *Rupiper v. Calloway*, *ante*, p. 4.

That being the case, the judgment here was responsive to the tender.  That tender, being of a judgment according to the demand of the complaint, must be construed to be such a judgment as the court should have entered upon a default, and the adjudication that the title alleged in the complaint is the ground of the possession which plaintiff recovers by the judgment is not a departure from, or an extension beyond, the offer made.  Had defendant desired to limit the recovery in that particular, her offer should have so specified.  If

State ex rel. Fourth Nat. Bank of Philadelphia and others vs. Johnson.

plaintiff's title, which she is willing to concede (for she must concede some title in order to support possession), was less than a fee-simple one, that limitation could have been specified, and would then have been binding if accepted. The judgment entered is according to the demand of the complaint, and must be affirmed.

*By the Court.*— Judgment affirmed.