GRINDO, Respondent, vs. McGEE and others, Appellants.

*September 26 — October 15, 1901.*

*Ejectment: Land contract: Right of possession: Tax titles: Fraud: Judgment: Immaterial error.*

1. An executory contract for the sale of land which is silent on the subject of possession of the premises does not give the vendee any right of possession or entitle him to maintain ejectment against an intruder.

2. Plaintiff in ejectment had title to the premises and constructive possession by virtue of a tax deed issued to his grantor and duly recorded. Defendants claimed title and constructive possession under subsequent tax deeds which, however, had been fraudulently obtained by one of them while an agent of plaintiff upon tax certificates belonging to the latter. *Held,* that plaintiff was entitled to recover.

3. In ejectment where plaintiff's title is in fee simple and defendants' alleged title is palpably and wholly bad, the latter are not prejudiced by the failure of the trial court to adjudicate the extent and quality of plaintiff's estate as required by subd. 7, sec. 3084, Stats. 1898, and the error will therefore be disregarded.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

Ejectment. The plaintiff alleged in his complaint that he was the owner in fee simple of certain described prem-

Grindo vs. McGee and others.

ises, and that the defendants unlawfully withheld possession. The defendants answered by a denial of all the allegations of the complaint "not hereinafter expressly admitted or denied." They expressly denied that the plaintiff was, at the time of the commencement of the action, the owner in fee simple or otherwise of the land, or that he was entitled to the possession. As a further defense, they set up that they were in the constructive possession of said premises, and claimed title thereto, under two tax deeds to them from Chippewa county and the state of Wisconsin,— one dated July 25, 1898, based on the tax sale of 1895; and the other dated May 20, 1899, and based on the tax sale of 1896. Both of these deeds are set up in separate counterclaims as the basis of defendants' title, at the close of which appears the following allegation: "These answering defendants further allege that *Andrew Grindo*, the plaintiff named in the above-entitled action, was the former owner of said tracts of land described in the plaintiff's complaint herein and in the foregoing deeds." The plaintiff made reply to the counterclaim to the effect that plaintiff employed the defendant *McGee* in September, 1896, to purchase said land from one A. J. McGilvray. *McGee*, as plaintiff's agent, purchased said land and the tax certificates upon which defendants' deeds were based. A quitclaim deed from McGilvray was executed to plaintiff, but the tax certificates were held by *McGee*, and deeds taken as alleged, with intent to defraud the plaintiff.

The case was tried by the court without a jury. On the trial the court found that in 1892 the land was owned by one H. H. Hayden, who made an executory contract to sell it to plaintiff, and that plaintiff entered into and remained in possession of the land during the year 1894, since which time it had been vacant and unoccupied. On May 18, 1896, A. J. McGilvray took a tax deed of the land for the unpaid taxes of 1892. September 23, 1896, McGilvray sold said

land to plaintiff by quitclaim deed, and assigned the tax certificates for the years 1894, 1895, and 1896. The defendant *McGee* acted as agent of plaintiff in said transaction, and obtained for him a tax deed in January, 1898, based on the sale of 1894. Thereafter, and at the dates mentioned in the answer, *McGee* obtained said tax deeds in which the defendants *J. E. McGee* and *J. C. Stubbs* were grantees upon the tax certificates of 1895 and 1896, which were the property of plaintiff. As conclusions of law the court found the plaintiff was entitled to the possession of the premises, of which defendants had constructive possession at the time the action was commenced; that the defendants acquired no title or right of possession under their tax deeds; that plaintiff was entitled to the premises under his contract with Hayden, and that it was unnecessary for the determination of the action to decide the effect of the tax deeds to McGilvray and *Grindo*. Exceptions to the findings were duly filed. A judgment was entered, in which plaintiff was adjudged to recover possession of the premises described, with costs, but it did not adjudicate the nature or quality of plaintiff's title. The defendants take this appeal.

The cause was submitted for the appellants on the brief of *W. H. Stafford*, attorney, and *W. F. Bailey* and *J. P. Wall*, of counsel, and for the respondent on that of *Clarence C. & Arthur E. Coe.*

BARDEEN, J. The defendants make a general assault upon the judgment. The findings are claimed to be all bad because they are unsupported by the evidence. The conclusions are bad because they are contrary to law and not supported by the facts. The judgment itself is said to be bad because it fails to adjudicate the quality and extent of the plaintiff's title. That a case should be tried, and such a judgment entered as was entered in this case, in view of the plain provisions of the statute, is incomprehensible. It is

quite as easy to follow statutory requirements as to stray from them. If plaintiff's attorneys had consulted the statute, and kept within the lines prescribed therein, our labors would have been lessened, and their client's interests would have rested upon less precarious foundations.

The defendants insist that, testing the court's findings and conclusions by the evidence, the plaintiff has not shown either title or right to possession of the premises in dispute. The findings are very meager and unsatisfactory. The findings upon which the plaintiff's right of recovery is based are that in 1892 plaintiff made an executory contract to purchase the premises from one H. H. Hayden, whereby plaintiff agreed to pay $200 in cash and to make certain other payments in the future, and, when so made, Hayden was to convey; that in 1894 plaintiff went into possession, and remained during that year, since which time the land has been vacant and unoccupied. As regards the question of right of possession, the evidence fails entirely to support the finding. After the contract shown by the letters of Mr. Hayden was entered into, plaintiff left that part of the country, returning in 1894. He said: "I never fenced the land. I cut a few cords of wood on it. It must have been in 1894. . . . I cut some cord wood on it about two years after I bought it. I didn't cut cord wood on the land right after I bought it, because I went away from there in 1893." This is all the testimony in the case to support the court's finding. It is entirely inadequate. There was absolutely no evidence of plaintiff's right to possession. The contract with Mr. Hayden is silent on that subject. In *Northwestern I. Co. v. Meade*, 21 Wis. 474, speaking of a similar contract, this court said: "Under such a contract, which is silent on the subject of possession of the premises, the purchaser acquires no right of possession or entry until the purchase money is paid or tendered." The doctrine is further elaborated in Newell, Ejectment, 435, § 18, as follows:

"In the absence of an agreement to the contrary, the purchaser of real estate who does not receive a deed, but simply a contract for a conveyance at a future day, is not entitled to the possession of the land thus purchased. The principle is well recognized that the owner of the fee, as a general rule, is entitled to the possession of the land as against all persons not under some valid agreement from him; and not only so, but, when vacant and unoccupied, the fee draws to it, in contemplation of law, the possession. The mere fact that a person enters into a contract for the purchase of land does not entitle him to enter upon and hold it. It is true, the purchaser may acquire that right by the terms of the agreement or otherwise. But, in the absence of some agreement to enter, his possession in such case would be unauthorized, and the vendor might recover possession."

The text is supported by the case of *Williams v. Forbes*, 47 Ill. 148, and by the subsequent case of *Chappell v. McKnight*, 108 Ill. 570. Of course, a license to enter may be implied if the circumstances warrant, but here neither the proof nor the findings contain any fact from which such license can be inferred. The case therefore is barren of any fact or finding sufficient to support the right of plaintiff to maintain ejectment based upon the Hayden contract. Under the broad provisions of our statute (Stats. 1898, sec. 3074) probably the grantee of a land contract which gives a right to the possession of the premises may maintain ejectment against an intruder. But, when the contract and the proof fail to show a right to enter and hold, no right to recover possession can be sustained.

If this were all that was disclosed by the case, the judgment would have to be reversed. The court further finds that on May 18, 1896, one A. J. McGilvray obtained a tax deed of this land from Chippewa county on the tax sale of 1893. He fails to find that it was ever recorded, but that omission is supplied by undisputed proof. This deed vested title and the constructive possession of the land in the grantee. September 23, 1896, McGilvray conveyed by quitclaim deed to the plaintiff. The title to the land thereby

became vested in him, and was good against all the world, except those who were in a position to be prejudiced by his neglect to pay the tax upon which it was founded. The title outstanding in the tax deed claimant suffered no diminution by conveyance to plaintiff, except that he could not assert it against any person to whom he owed the duty of payment of taxes. He owed no such duty to defendants, and they are not in a position to contest it except as it was affected by the tax deeds set up in the answer. The proof shows that to permit them to assert such title would be to sanction a deliberate and outrageous fraud. The court found that the certificates upon which such deeds were founded were the property of plaintiff, and that the defendants had no claim thereunder. The court decided that plaintiff was entitled to the premises under his contract with Mr. Hayden, and that it was unnecessary to determine the effect of the tax deed to McGilvray. He was undoubtedly wrong in both propositions. As we have seen, plaintiff failed to show any right to possession under his land contract, but *did* show title and constructive possession under the McGilvray tax deed. Defendants recognized such title in their counterclaims when they alleged that the plaintiff " was the former owner of said tract of land." They alleged constructive possession in themselves under their tax deeds, but failed to allege that their deeds had ever been recorded. An unrecorded tax deed does not carry constructive possession of the land, and their answer was insufficient in that respect. But the proof shows that one of the deeds was recorded, and this was sufficient to support the case against them. The undisputed proof also shows a tax deed fair on its face to McGilvray, duly recorded, a conveyance of such title to plaintiff, and a claim of title by defendants. The proof amply supports the finding impeaching the defendants' title, and in the orderly administration of justice findings should have been made under the statute specifying " the estate which

shall have been established on the trial by the plaintiff"
(subd. 7, sec. 3084), and the judgment should have been "in
accordance with the verdict or decision of the court" (sec.
3086). Considering these statutes in *Emerson v. Pier*, 105
Wis. 161, this court said:

"The whole framework of the statute on the present ac-
tion of ejectment contemplates that, while the recovery
proper is, as anciently, merely a recovery of possession and
damages, nevertheless in that judgment shall be adjudicated
the quality and extent of the title upon which the right of
possession is predicated, and a demand in the complaint for
judgment for possession must be read, in the light of the
statute, as demanding a judgment which grants possession
upon a title the quality of which is to be adjudged at the
same time."

It would seem, with a line so clearly blazed, there ought
to have been little trouble in entering the proper judgment.
But the judgment herein fails to determine the "quality or
extent of the plaintiff's title." An important fact in the
consideration of appeals is that the complaining party must
show that some error has been committed prejudicial to his
interests. The importance of having an adjudication of
the title upon which plaintiff stands is greater when the
estate sought to be established is dower for life or a term of
years, at the expiration of which the defendants' right of
possession may ripen. In a case like this, where the plaint-
iff's title is fee simple, with no reversionary interest in de-
fendants, the injury upon failure to definitely adjudicate
the quality of that title is not manifest. Defendants' claim
of title rests entirely upon the tax deeds wrongfully taken
by them. If they are wiped out, their claim to the land
ends forever. Their title is so palpably bad that they have
not sought to sustain it on this appeal. That being so, al-
though it was error for the court to fail to adjudicate the
extent and quality of plaintiff's title, we cannot see how
they are injured thereby. The statute (sec. 2829) commands
the court to disregard any error or defect in the proceedings

which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect. We therefore hold that under the facts in this case the error mentioned is not such a one as to affect the substantial rights of the defendants.

*By the Court.*— Judgment affirmed.