## COE, Respondent, vs. ROCKMAN, Appellant.

*December 12, 1905—January 9, 1906.*

(1, 2, 4) *Removing cloud on title: Tax deeds: Judgment: Immate-
rial errors: Who may maintain action: Pleading: Variance.*
(3) *Foreign corporations: Disposing of property in this state.*
(5) *Mortgages: Foreclosure by advertisement: Irregularities:
Limitation of actions.*

1. In an action to cancel tax deeds as a cloud upon title, where the
evidence was undisputed as to the nature and quality of plaint-
iff's interest in the land and such interest was fully set forth
in the findings of fact, the failure of the judgment to deter-
mine expressly that plaintiff had such interest and that the
tax deeds were a cloud was not an error prejudicial to defend-
ant for which the judgment will be reversed.

2. One to whom has been conveyed the rights of a mortgagee who
purchased at a foreclosure sale which was not confirmed is the
owner and holder of such a lien as, under sec. 3186, Stats. 1898,
gives him the right to maintain an action to test the validity
of tax deeds of the land.

3. Where a foreign corporation acquired an interest in land in this
state before the enactment of sec. 1770*b*, Stats. 1898, that stat-
ute in no way divested or impaired such interest or prevented
its conveyance, even though the corporation did not file a copy
of its charter as provided in said statute.

4. In an action to cancel tax deeds as a cloud upon title, evidence
of irregularities in the tax proceedings other than those spe-
cifically alleged in the complaint, if received without objection,
is properly before the court as a basis for its findings and
judgment. The pleading will be deemed to have been amended
in accordance with the facts proved.

5. Under sec. 3543*a*, Stats. 1898, where a mortgage has been fore-
closed by advertisement, the sale cannot be held invalid for
irregularities in the notice or its publication or in the pro-
ceedings of the officer conducting the sale, unless the action in
which the validity is questioned was commenced within five
years after the sale was made.

APPEAL from a judgment of the circuit court for Barron
county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an action to remove a cloud from the title to certain

lands claimed by the plaintiff. The complaint alleges owner-
ship in fee by the plaintiff of all the lands involved in this
controversy and states that the cloud upon the title consists
of certain tax deeds—one issued on the 9th day of June, 1899,
and recorded the same day in the office of the register of deeds
of Barron county, the other issued on the 15th day of July of
the same year and likewise recorded. The tax deeds were
issued on tax certificates of 1896 for unpaid taxes for 1895,
and it is alleged that they are void for want of a statement of
the lands upon which taxes were returned as delinquent by the
county treasurer, for want of a sufficient publication, for want
of a sufficient posting of notices of sale, and because the taxes
assessed upon the lands exceeded the amount authorized by
law. The complaint further states: "That for said reasons
and others said certificates were void, and the tax deeds issued
to the defendant thereon were null, void, and irregular."
Plaintiff tendered defendant the amount for which the lands
were sold for taxes with interest, which was rejected. The
complaint describes the lands and demands that the two tax
deeds be "vacated, set aside, and declared null and void."
The answer alleges the execution and recording of the tax
deeds and admits the refusal of the defendant to execute a
quitclaim deed as requested by plaintiff when the tender of
the amount of the taxes and interest was made.

From the proof the court found the following facts: On
July 19, 1882, a mortgage due June 15, 1887, was executed
by Andrew Hazelton to the Hekla Fire Insurance Company,
a domestic corporation, on part of the lands in controversy.
On December 27, 1883, a mortgage due December 15, 1886,
was executed by Oscar B. Hoyt to the same company on cer-
tain other of the lands included in this controversy. On April
20, 1885, William Craddock executed a mortgage due June
15, 1890, on certain of these lands to the same company.
The Craddock mortgage was assigned February 20, 1890, to
the American Mortgage Security Company, a Minnesota cor-

poration.   Upon default the Hazelton and Hoyt mortgages were foreclosed by action and the lands were sold to the plaintiff, the Hekla Company, but the sales were not confirmed by the court.   On February 20, 1890, the Hekla Company conveyed the premises covered by the Hazelton and the Hoyt mortgages to the American Mortgage Security Company. Upon default in the payment of the Craddock mortgage the mortgage was foreclosed by advertisement and sold to E. A. Hendrickson, and a sheriff's deed was issued to him.   On April 19, 1892, Hendrickson conveyed to the American Mortgage Security Company.   On October 1, 1896, the American Mortgage Security Company conveyed all of the lands to the Local Investment Company, a Minnesota corporation.   Neither of the Minnesota companies has filed its articles of association with the secretary of state of Wisconsin.   On October 2, 1896, the Local Investment Company mortgaged these lands to secure the payment of a note for $1,500, due in five years with interest at six per cent.   In 1900 plaintiff became the owner of the note and mortgage, and on September 25th of that year the Local Investment Company executed to him a quitclaim deed.

The court found the following facts pertaining to the sale of the lands for taxes and the issuance of tax deeds for delinquent taxes: On June 9, 1899, a tax deed to the lands covered by the Hazelton and Hoyt mortgages was issued to the defendant.   This was recorded the same day.   On July 15, 1899, a tax deed was issued and recorded by defendant to the lands covered by the Craddock mortgage.   The lands are all wild and unoccupied.   The treasurer's tax sale notice was published by five insertions.   The county treasurer's affidavit of the posting of notices specifies six places, but in his testimony before the court he stated that he had personally posted but three and that he had no personal knowledge as to whether the other notices were posted as stated.   The sum of twenty-five cents as advertising fee and the sum of twenty-five cents as a

certificate fee and five per cent. of the amount of the tax were included in the amount for which each forty-acre tract was sold. In the proofs of publication and posting the town and range numbers are so indistinct that they cannot be ascertained. The court found the amounts for which the lands were sold and that plaintiff had tendered payment of the taxes and interest. The court held that the defendant's tax deeds were void for irregularities not going to the groundwork of the tax, and that plaintiff should recover, and as a condition of judgment should, within ninety days· from August 25, 1903, pay the defendant $80 for taxes, interest, and fees, with interest thereon.

The judgment recites that, on defendant's refusal to accept the amount found by the court as due defendant, plaintiff had deposited it with the clerk of the court, and adjudges that the defendant release to the plaintiff all his right, title, or claim asserted at the commencement of the action by virtue of the tax deeds, and declares defendant's deeds to be null, void, and of no effect. The judgment does not in express terms determine that plaintiff is the owner of, or that he has an interest in or claim to, the lands in question. This is an appeal from such judgment.

*W. F. Bailey,* for the appellant.

For the respondent there was a brief by *Arthur E. Coe,* and oral argument by *C. C. Coe.*

SIEBECKER, J. This is an action to cancel certain tax deeds issued to defendant, alleged to be a cloud upon plaintiff's title and claim to the lands covered by them. If, upon the facts found by the court, plaintiff is either the owner in fee of the premises or the owner and holder of any lien or incumbrance on the land, then, under sec. 3186, Stats. 1898, he is authorized to prosecute this action to test the legality and validity of any claim, lien, or incumbrance on such land or any part thereof.

1. One ground of error relied upon is that the judgment is defective in that it fails to determine expressly that plaintiff has a right, title, or interest in the lands, and that it fails to declare that defendant's tax deeds constitute a cloud upon the right, claim, or title of the plaintiff to the premises. It is true that the judgment as entered omits to expressly adjudicate this point. In the case of *Grindo v. McGee,* 111 Wis. 531, 87 N. W. 468, an ejectment action wherein the judgment failed to determine the "quality or extent of plaintiff's title," as required by the law in such actions, it was held that if defendant's title be shown to be of no validity he could not be prejudiced by the failure of the trial court to adjudicate the quality of the plaintiff's estate in the lands, as prescribed by subd. 7, sec. 3084, Stats. 1898, and the error will be disregarded. The court observes:

"The statute (sec. 2829) commands the court to disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

The evidence in the instant case is undisputed as to the nature and the quality of plaintiff's interest, and this interest, though not expressly determined in the judgment, is fully set forth in the findings of fact by the court. It is not shown, nor can we conceive, how this error can in any way be prejudicial to defendant and call for a reversal of the judgment under the foregoing statute and decision.

2. It is contended that plaintiff has no interest in the premises because his predecessor in title had acquired no interest under the judgments of foreclosure by the Hekla Company as mortgagee of the premises, since the sale was not confirmed. Under such circumstances the Hekla Company held the title and rights of a mortgagee purchaser at the sale and could take any steps necessary to perfect its rights by confirmation. The subsequent conveyance of the lands by warranty deed to the American Mortgage Security Company vested this company

with all these rights, interests, and claims, and these were subsequently conveyed to the plaintiff. This made plaintiff the owner and holder of such a lien as gave him, under the provisions of sec. 3186, Stats. 1898, the right of action to test the legality of defendant's tax deeds.

3. It is further urged that the security and investment companies are Minnesota corporations which have not filed copies of their charters in the office of the secretary of state as required by sec. 1770*b*, Stats. 1898. The record shows that these corporations acquired their interests in the lands before the enactment of this statute. Under the construction given this section in *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 97 N. W. 940, their interests were in no way divested or impaired by this statute, and they could properly convey them.

4. It is claimed that the court could not hold the tax deeds void for any irregularities other than those alleged in the complaint. The court finds specifically wherein the proceedings for the sale were defective. Proof of these irregularities was received without objection under the complaint, which set forth a number of irregularities and then alleged "that for said reasons *and others* said certificates were void, and the tax deeds issued to defendant thereon were null, void, and irregular." We see no valid reason why the evidence received without objection was not properly before the court to test the validity of the proceedings on which these tax deeds issued. Nor could the action of the court be held prejudicial for any variance between the pleadings and the proof, under the rule re-affirmed in the case of *Packard v. Kinzie A. H. Co.* 105 Wis. 323, 81 N. W. 488, that "on appeal, in support of the judgment appealed from, the findings and proceedings will be deemed amended in accordance with the facts proved when the evidence was not objected to below, or the proper amendment will be made on appeal." The error complained of also falls within the scope of sec. 2829, Stats. 1898, as one not affecting the substantial rights of an adverse party, and

should be disregarded on appeal as not stating grounds for a reversal.

5. It is argued that the sheriff's deed, purporting to convey the title to lands under the attempted foreclosure by advertisement, was absolutely void because it failed to comply with the requirements of the statutes providing for such proceedings. This exception goes to irregularities in the foreclosure proceeding. The premises were sold in this proceeding by the sheriff of the county wherein the property is situated on September 20, 1890, and a deed issued to the purchaser October 1, 1891. The irregularities complained of are covered by sec. 3543a, Stats. 1898. Since the foreclosure and sale took place more than five years before the commencement of this action, defendant is precluded from interposing them as a defense.

*By the Court.*—Judgment affirmed.