PAULINE HEGEL and Others, Respondents, v. MOHEGAN COLONY, INC., Appellant.— In an action to restrain defendant from interfering with the use and enjoyment by plaintiffs of an easement to a lake beach front for boating and bathing, defendant appeals from a judgment in favor of plaintiffs. Judgment unanimously affirmed, with costs. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

FRANCOISE A. HEPWORTH and Others, as Executors of the Estate of BLANCHE CHAPAL, Deceased, Respondents, v. MANETTO HOLDING CORPORATION and Others, Defendants; HANNAH BANDLER, as Executrix of the Estate of DAVID BANDLER, Deceased, Appellant.— In an action to foreclose a mortgage, order of the County Court, Nassau County, entered on November 19, 1940, denying appellant's motion to vacate a previous order entered on September 11, 1940, which granted respondents' motion for leave to enter a deficiency judgment, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. When the respondents became the successful bidders at the mortgage foreclosure sale, they acquired the equitable title to the mortgaged premises (*Matter of Braico*, 235 App. Div. 132; affd., 260 N. Y. 625), and the mortgage debt was satisfied, in whole or in part, out of the property. Thereafter, and before the respondents had received the referee's deed, the property was lost through the foreclosure of a tax lien certificate. In failing to pay the purchase money bid on the mortgage foreclosure sale, adjourning the closing, and litigating the claim of the tax lien certificate holder, the respondents were proceeding at their own risk. To permit them now to enter a deficiency judgment for the entire amount due under the mortgage, would be to sanction a double recovery for the one debt. The prevention of such a double recovery was the primary purpose of the Legislature in enacting section 1083-a of the Civil Practice Act. This case differs from *Weisel* v. *Hagdahl Realty Co., Inc.* (241 App. Div. 314), and others following it, in that here the destruction of the security for the mortgage did not occur until after the mortgage foreclosure sale. We hold, therefore, that the appellant is entitled to set off against the amount due under the mortgage the market value of the property as of the date of the sale, as provided in said section 1083-a. The appellant and her testator did not waive their right to the protection of the statute by consenting to the adjournment of the closing. Such consent was just as consistent with appellant's present claim to the protection of the moratorium statute as with an intention to waive such protection. The order of the County Court, Nassau County, entered on September 11, 1940, was, in effect, an *ex parte* order, and the appeal therefrom is dismissed, without costs. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.