Anthony Grignano Company, Plaintiff, vs. Gooch and. others, Defendants and Appellants : Bank of Madison, Defendant and Respondent.

*April 2—May 8, 1951.*

For the appellants there was a brief by *Conway & Conway* of Baraboo, attorneys, and *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee, of counsel, and oral argument by *Walter D. Corrigan, Sr.,* and *Vaughn S. Conway.*

For the respondent there was a brief by *Aberg, Bell, Blake & Conrad,* and oral argument by *W. J. P. Aberg* and *Floyd Springer, Jr.,* all of Madison.

GEHL, J. Foreclosure sale was had. The owners complain that the judgment failed to direct "that the interest of the owners in the premises at the commencement of the work," etc., be sold as required by sec. 289.12, Stats.; also that the notice of sale omitted to indicate that such "interest" would be sold. We consider that there is no merit in this contention. The court was without power to order, and the sheriff was equally without power to sell, anything except the interest of the owners in the premises. The purpose of the statutory requirement seems to be to complement sec. 289.01 (2) (b) which grants to a lien claimant priority to "any lien which originates subsequent to the visible commencement in place of the work of improvement," and to permit sale of the premises unincumbered by claims arising after commence-

ment of the work. In any event, the owners have failed to show that they were prejudiced by the omissions and therefore may not complain. *Grindo v. McGee,* 111 Wis. 531, 87 N. W. 468; *Oppenheimer v. Collins,* 115 Wis. 283, 91 N. W. 690; *Coe v. Rockman,* 126 Wis. 515, 106 N. W. 290.

The owners contend that the amount bid for the property at the sheriff's sale is so low as to be unconscionable and that for that reason the order confirming the sheriff's report of sale should be reversed. The bank bid in the property at the sum of $10,616.36, the amount of its judgment.

In opposition to the motion to confirm, the owners submitted the affidavit of Louis B. Gooch to the effect that the property, consisting of three houses and lots, had a fair market value of $9,000 each and also made an offer to prove by the testimony of an expert that they had such value. The offer of testimony was rejected.

The rule, applied by our court in the case of sales on execution, *Collins v. Smith,* 75 Wis. 392, 44 N. W. 510, and in the case of sales on mortgage foreclosures, *A. J. Straus Paying Agency v. Jensen,* 226 Wis. 462, 277 N. W. 105, that mere inadequacy of price is not usually sufficient ground of itself for vacating the sale, is parcel of the rule applied generally in the case of judicial sales.

"A judicial sale regularly made in the manner prescribed by law, upon due notice and without fraud, unfairness, surprise, or mistake, will not generally be set aside or refused confirmation on account of mere inadequacy of price, however great, unless the inadequacy is so gross as to shock the conscience and raise a presumption of fraud, unfairness, or mistake." 31 Am. Jur., Judicial Sales, p. 465, sec. 127.

The sale had in the instant case was a judicial sale and permits, if it does not require, application of the rule quoted. The owners offered testimony that the fair market value of the property at the time of sale was $27,000; the affidavit to that effect was undisputed. It was sold for $10,616.36 to

which, for the purpose of considering the amount bid, there must be added the amount of a prior mortgage lien, apparently $1,500. Thus, there was a considerable spread between the amount of the bid and the claimed value of the property.

The rule that mere inadequacy of price is insufficient to warrant refusal to confirm a sale is confined to cases where there is absolutely no fact appearing except inadequacy. The court may still consider the question: Should the court, in justice to all parties, approve the sale? *A. J. Straus Paying Agency v. Jensen, supra.*

For various reasons the cause should be remanded to permit the trial court to give further consideration to the owners' objection to confirmation upon the ground that the amount bid at the sale is so inadequate as to be unconscionable. The court was in error in rejecting the offer of the owners to prove the reasonable value of the property. The affidavit of Louis B. Gooch might properly have been considered by the court, sec. 269.32 (2), Stats., if for no other purpose than to bring to the court and the opposition information of proof upon which the owners intended to rely.

In Gooch's affidavit it is alleged that the bank had "clouded the title" to the premises "with an illegal *lis pendens* and alleged claims and demands." This allegation appears to refer to an action previously brought by the bank, and still pending, to establish another claim as an equitable mortgage upon the property involved. Allegations to that effect, and that notice of the pendency of the action is on file in the office of the register of deeds, are contained in the complaint. If such is the fact and proof thereof were made the court might properly consider it as an element which affected the bidding and as a circumstance to be considered in determining whether the sale should be confirmed or whether a resale might result in a higher bid.

We have referred to certain circumstances which should have been considered by the court only to demonstrate that

a full hearing has not been had, not as a suggestion that the court may not consider evidence of other circumstances, if there are others, bearing upon the issue.

There must be a rehearing upon the motion to confirm the sheriff's report of sale.

We find nothing in the record or the briefs which require us to consider further the appeal from the judgment.

*By the Court.*—Judgment affirmed. Order reversed and cause remanded for further proceedings in accordance with this opinion.