Harold Tessler, J.
This is an application by the successful bidder in a mortgage foreclosure sale to be relieved of the purchase and to direct the Referee to return moneys paid in connection therewith or, in the alternative, for an abatement of $1,500 in the purchase price of the property involved.
The affidavit submitted on behalf of the purchaser is by an attorney who claims that he was present at the foreclosure sale representing a client who had a second mortgage on the real *955 property; that being pressed for time and because of certain other extenuating circumstances he was only able to make a cursory inspection of the premises and could not investigate and determine what the facts were with regard to the foreclosure sale and the value of the property, but that after a thorough examination he realized that the bid he made on behalf of his wife, who was the record purchaser, was too much; thus the purchaser is in danger of losing about $3,000. The affidavit further alleges that the above factual situation was set forth not as a legal argument to set aside the purchase at the foreclosure sale, but rather as a background to persuade the court to exercise its equitable powers. The affidavit alleges that the legal basis for the application is that at a time subsequent to the foreclosure sale the property was inspected; that it was discovered that the property was left unattended and was badly damaged due to vandalism, which included at least 15 windows being broken, several doors ripped out and the heating and hot-water apparatus put out of commission. Thus it is claimed that the purchaser should be relieved of the purchase or, in the alternative, granted an abatement in the purchase price in the sum of $1,500 which would be the cost of repairing the alleged damage due to vandalism.
In opposition, the plaintiff in the foreclosure action contends that the purchaser’s claim that the price bid was excessive is without merit since the bid was made solely on the purchaser’s own volition. Furthermore, it is contended that a purchaser at a judicial sale bids for the property as it is at the time of the bid; that after the foreclosure sale neither the plaintiff nor the Referee had legal title to the property or any right or responsibility to enter onto the property for the purpose of protecting or repairing it. It is claimed that the risk of loss or deterioration in any improvements on the premises is on the purchaser and he can minimize any such loss by taking title from the Referee immediately after the sale. Finally, it is argued that there is no proof submitted that the alleged damage due to vandalism took place after the foreclosure sale or that the cost of repairing such damage would equal the sum of $1,500 as claimed by the purchaser.
A court of equity exercises supervision of sales made under its decrees and in doing so is not controlled by legal rules, but may be guided by considerations raised in equity. Consequently, the court is empowered to grant relief against mistakes, accidents, hardships or oppressive conduct or unfair conduct of others, although such conduct may not be a violation of law. (Dime Sav. Bank v. Thomas, 24 Misc 2d 850; see, also, Matter of *956 Bond & Mtge. Guar. Co., 272 App. Div. 944, affd. 297 N. Y. 765.) Where no absolute legal right exists for setting aside a judicial sale, the disposition of the matter rests in the court’s discretion. (See 14 Carmody-Wait, New York Practice, p. 123, § 34; see, also, Emigrant Ind. Sav. Bank v. Van Bokkelen, 269 N. Y. 110.)
In the case at bar the court is of the opinion that the purchaser’s contentions with regard to the alleged overbid would not warrant the court invoking its equity powers and exercising its discretion and thus relieve the purchaser of the purchase, since the bid was made upon the purchaser’s own volition which, if excessive, was due to the purchaser’s own negligence. Furthermore, the court is of the opinion that the purchaser’s contention with respect to the alleged damage inflicted by vandalism is also without merit. The purchaser has failed to submit any evidence which would substantiate the allegation that the property was in fact damaged and that it was damaged prior to the foreclosure sale. Nor is there any proof that the extent of the alleged damage is as the purchaser claims.
It is true that a successful bidder at a mortgage foreclosure sale acquires equitable title to the mortgaged premises and the failure to close title promptly and pay the purchase price is at the purchaser’s own risk. (See Hepworth v. Manetto Holding Corp., 262 App. Div. 877.) It may be, however, that the court would be persuaded to invoke its equity powers and relieve a purchaser at a foreclosure sale of the purchase if the property were damaged in a period subsequent to the foreclosure sale, but before the closing of title, if it can be shown, among other things, that the lapse of time was unavoidable or caused by a delay of persons other than the purchaser. However, in the case at bar the purchaser has completely failed to show that if the alleged damage did occur during the period after the foreclosure sale, the lapse of time resulting in the delay in the closing of title was unavoidable or not caused through the fault of the purchaser.
Accordingly, the motion is in all respects denied.