439 F.2d 808
 In the Matter of Louis WINTER, Andrew Winter, Sam Winter and
Pincus Winter, individually and as copartners,
doing business as Winter & Sons, and the
partnership of Winter and
Sons, Bankrupts.
Daniel N. CAMOIA, Trustee in Bankruptcy, Appellant,
v.
The CITY OF NEW YORK, Appellee.
 No. 470, Docket 35509.
 United States Court of Appeals, Second Circuit.
 Argued March 1, 1971.
Decided March 5, 1971.
 
 Michael Berman, New York City, for appellant.
 Edmund B. Hennefeld, New York City (J. Lee Rankin, Corp. Counsel, City of New York and Standley Buchsbaum, New York City, on the brief), for appellee.
 Before LUMBARD, Chief Judge, and KAUFMAN and ANDERSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 In June, 1965, the bankrupts had mortgaged to the City of New York the premises at 916 Kelly Street, Bronx, as security for an indebtedness of approximately $121,000. The mortgage granted to the City a further security interest in rents derived from that building.[1] After the mortgagors were adjudicated bankrupt in November, 1966 and a bankruptcy trustee took over the operation of the building, the referee authorized the mortgagee to initiate an action to foreclose the defaulted mortgage. Pursuant to this order the mortgagee obtained a state court judgment of foreclosure and sale in the amount of $132,552.31. At public auction the mortgagee purchased the property for $500. Subsequently the referee ordered the trustee to account to the City for rents and profits collected after initiation of the foreclosure action. The referee, in his report, determined a deficiency in the amount of $132,052.31 by subtracting the sale proceeds from the total indebtedness specified in the judgment of foreclosure, and ordered the trustee to pay over to the mortgagee the accumulated rents and profits.
 
 
 2
 This appeal is from the order of the district court denying the trustee's petition for review of that order. Because the findings upon which the referee relied are insufficient to support his order, we reverse and remand.
 
 
 3
 Because it had made no motion for a deficiency judgment, the City was entitled under the applicable statute to recover the collected rents and profits only 'to the extent of the amount, if any, by which the judgment of foreclosure and sale exceed(ed) the amount paid for the property upon the sale.' N.Y. Real Property Actions and Proc.Law 1371(4) (McKinney's Consol.Laws, c.81, 1962). The record demonstrates, and counsel for the City quite properly did not at oral argument in this court claim otherwise, that the 'amount paid for the property'was not $500, as the referee found, but $500 plus the total mortgage indebtedness.
 
 
 4
 When the mortgagee became the successful bidder at the foreclosure sale, it acquired title to the mortgaged premises and the mortgagors were entitled to set off against the outstanding indebtedness the fair market value of the property on the date of that sale. See Hepworth v. Manetto Holding Corp., 262 App.Div. 877, 28 N.Y.S.2d 526 (1941). Both bankruptcy and mortgage foreclosure are equitable proceedings, but a judgment which gives the foreclosing mortgagee full title to an income producing apartment building, which in 1965 was of sufficient value to warrant a mortgage of $121,000, and also grants a deficiency judgment of $132,052.31 is hardly an equitable disposition, and must be set aside.
 
 
 5
 The City could have moved for a deficiency judgment under 1371(2) of the Rela Property Actions and Proc.Law which provides for a determination of fair market value. This was not done, however, and the City could only proceed under 1371(4); but by bidding and paying $500 in addition to the mortgage indebtedness it, in effect, has taken the position that the value of the property is $500 over the mortgage debt, so that no deficiency is possible.
 
 
 6
 The judgment of the district court is reversed and the case is remanded for proceedings consistent with this opinion.
 
 
 
 [1]
 The mortgage assigned
 '* * * to the mortgagee the rents, issues and profits of the premises as further security for the payment of said (mortgage) indebtedness, and * * * grants to the mortgagee the right to enter upon the premises for the purpose of collecting the same * * *.'