WILSON (Jane B.), a/k/a Jane B. Atwood, Appellant, v. CRAITE, Defendant: BRUNER, Respondent.

*No. 201. Argued September 5, 1973.—Decided October 2, 1973.*
(Also reported in 210 N. W. 2d 700.)

352

For the appellant there were briefs and oral argument by *John B. Werra* of Wauwatosa.

For respondent T. W. Bruner there was a brief by *Gerold & Huiras* of Port Washington, and oral argument by *Ralph J. Huiras*.

HEFFERNAN, J. The judgment creditor's appeal is based upon the premise that a court does not have the authority to set aside an execution sale on the sole ground that the purchaser, through mistake, paid an excessive price. We agree with that contention. A trial court has the discretion to set aside even a completed execution sale if the price bid is so low as to shock the conscience of the court. *Anthony Grignano Co. v. Gooch* (1951), 259 Wis. 138, 140, 47 N. W. 2d 895, and *Collins v. Smith* (1890), 75 Wis. 392, 397, 398, 44 N. W. 510. The rationale for the exercise of that discretion is to insure protection to the judgment debtor, who has little or no control over the amount bid, and to insure that the property being sold is not given away or sold to the prejudice of the debtor.

That situation, however, was carefully distinguished from the problem presented in this case in the recent opinion of *Nussbaumer v. Superior Court in and for County of Yuma* (1971), 107 Ariz. 504, 507, 489 Pac. 2d 843. Therein the court stated:

"The general rule, dealing with vacation of execution sales because of inadequate bids, is that mere inadequacy of price, where the parties stand on an equal footing and there are no confidential relations between them, is not, in and of itself, sufficient to authorize vacation of the sale unless the inadequacy is so gross as to be proof of fraud or is so gross that it shocks the judgment and

conscience of the court. McCoy v. Brooks, 9 Ariz. 157, 80 P. 365 (1905) ; Smith v. Arizona Engineering Co., 21 Ariz. 624, 193 P. 303 (1920). We believe that the test used for an underbid is inapplicable to an overbid. See Woodside Savings & Loan Ass'n, 36 Misc. 2d 954, 233 N. Y. S. 2d 541 (1962). Where a grossly inadequate price is bid, such as shocks one's conscience, an equity court may set aside the sale, thus insuring within limited bounds a modicum of protection to a party who has absolutely no control over the amount bid and this, in effect, insures that the foreclosed property is not 'given away.' The situation dealing with an overbid is, however, entirely different since the bidding party has full control of his own bid and has the means of ascertaining the property's true value. Where an overbid is made, which has in no way resulted from deceit, undue influence or other form of fraudulent inducement but is, rather, the result of one's own negligence, ignorance or inadvertence, we feel that equity should not intervene. Where the complaining party has access to all the facts surrounding the questioned transaction and merely makes a mistake as to the legal consequences of his act, equity should normally not interfere, especially where the rights of third parties might be prejudiced thereby."

We agree with the rationale expressed by the Arizona Supreme Court and conclude that, where the purchaser complains that his overbid was the result of a unilateral mistake, he will be bound by his bid. Only if he can show the bid was the result of artifice, fraud, or other improper inducement will he be relieved.

The rule as expressed in the *Nussbaumer Case* is consistent with the rationale of *Kremer v. Thwaits* (1900), 105 Wis. 534, 81 N. W. 654. Therein the successful bidders at a mortgage foreclosure sale sought to be relieved of their bargain. In that case, however, although the purchasers' complaint was that they had bid an excessive amount for the property, the court pointed out the excessive bid was induced by the state of the record and the judgment. The decision was founded upon factors in addition to the purchasers' mistake. *Kremer*, page 537,

also emphasized that a court of equity, which has the affirmative duty of approving a foreclosure sale, has far greater discretion in refusing confirmation than does a court which reviews a completed sale for the purpose of determining whether it should be set aside. In the instant case the circuit judge was operating in the range of the lesser discretion, since the execution sale was completed.

The rationale used in somewhat analogous Wisconsin cases, including *Kremer,* is consistent with that of the Arizona court in *Nussbaumer.* However correct the judgment creditor may be in her position on the law in respect to the lack of power of a court to set aside an execution sale on the ground of mistake alone, that issue is not controlling here. We have included a brief discussion of the point only for clarification of the existing law.

The controlling point which compels the vacation of the execution sale and the writ itself was brought to our attention by the purchaser in his brief as the respondent on this appeal. The purchaser argues that the writ of execution under which the sale was held was fatally defective in that the circuit court for Waukesha county, which issued it, had no jurisdiction and, accordingly, the sale held thereunder could pass no title and could impose no reciprocal responsibility on a purported purchaser. The purchaser points out that the Wisconsin statutes explicitly provide for the manner in which a writ of execution may be issued for the purpose of satisfying a judgment. The controlling statute is sec. 272.05, Stats. It provides in part:

"The execution must be issued from and be sealed with the seal of the court and signed by the clerk where the *judgment roll,* or a certified copy thereof . . . is filed, directed to the sheriff . . . and must intelligibly refer to the judgment, stating the court, the county where the *judgment roll* or a certified copy thereof or such transcript is filed . . . ." (Emphasis supplied.)

The language of this statute is mandatory. The execution "must be issued" from the court where the judgment roll is filed or where a certified copy of the judgment roll is filed. The express language prohibits the issuance of a writ of execution by any other court. The record shows that neither the county court of Milwaukee county judgment roll nor a certified copy of the judgment roll was filed in Waukesha county. Only a transcript of the judgment docket itself was filed.

Under the plain meaning of the statute, the filing of the judgment docket alone was insufficient to confer jurisdiction for the writ of execution upon the circuit court for Waukesha county. Jurisdiction remained in the county court of Milwaukee county, and only that court, under the state of the record here, had the jurisdiction to issue the writ of execution on the judgment. That jurisdiction could be conferred on another court only upon the docketing of a certified copy of the judgment roll. The docketing of the transcript of the judgment alone was insufficient. The docketing of the judgment in Waukesha county merely created a lien upon the judgment debtor's property in Waukesha county and made it subject to a writ of execution issued out of the county court of Milwaukee county, as provided in sec. 272.04 (1), Stats.[2] When the two statutes (secs. 272.04 and 272.05) are considered together, it is clear that the docketing of the judgment confers no jurisdiction for the issuance of a writ of execution.

Under the statutes, a judgment creditor has two options available when he wishes to levy execution upon real estate situate in a county other than that in which he has obtained his judgment. He may file a transcript

---

[2] Sec. 272.04 (1), Stats., provides in part:
"Upon any judgment of a court of record . . . or any judgment of any other court docketed in a court of record, execution may issue . . . ."

of the judgment in a court of the county where the real estate lies and secure a writ of execution from the court which rendered judgment, with the writ directed to the sheriff of the county where the real estate is located.

His alternative is to file the transcript of the judgment roll in a court of the county where the real estate is located. The filing of the judgment roll confers jurisdiction over the judgment upon the court in which it is filed, and that court may then issue the writ of execution. It should be emphasized that the judgment roll includes not only the judgment itself but the summons, pleadings, verdicts, offers, exceptions, and all orders and papers in any way involving the merits and necessarily affecting the judgment.[3]

In the case before the court the record shows, and the judgment creditor acknowledges, that the writ of execution was irregularly issued. The judgment creditor does not attempt to counter the purchaser's argument that the execution is invalid. Rather, she argues that, irrespective of the validity of the writ of execution, the purchaser is barred by laches from raising an objection to the jurisdiction of the court to issue the writ of execution well after the period of redemption has run and for the first time on appeal in this court. The doctrine of laches is not available, however, when lack of jurisdiction

---

[3] *See* sec. 270.72, Stats. 1955:

"**Judgment roll.** Unless the party or his attorney shall furnish a judgment roll the clerk, immediately after entering the judgment, shall attach together and file the following papers, which shall constitute the judgment roll:

"(1) In case the complaint be not answered by any defendant the summons and complaint or copies thereof, proof of service, and that no answer has been received, the report, if any, and a copy of the judgment.

"(2) In all other cases the summons, pleadings or copies thereof and a copy of judgment, with any verdict or report, the offer of the defendant, exception, case and all orders and papers in any way involving the merits and necessarily affecting the judgment."

voids the entire proceeding. This court stated in *Pelton v. Town of Blooming Grove* (1854), 3 Wis. 279 (*310), 282, 283 (*314):

". . . where there is a jurisdictional defect apparent to us, we cannot overlook it, although the party has neglected to show by a bill of exceptions that he sought to avail himself of the defect in the court below."

In the instant case the failure to file the transcript of the judgment roll in the circuit court for Waukesha county resulted in that court being without jurisdiction to issue a writ of execution on the Milwaukee judgment. While the circuit court for Waukesha county has subject matter jurisdiction to issue writs of execution, the judgment roll, which alone gives jurisdiction over the judgment and permits issuance of the writ in the particular case, was not filed. Although it is regrettable that the question of jurisdiction was not raised in the trial court so the matter could have been disposed of there, the question is properly cognizable by this court.

Under the rule, only the court which rendered the judgment can issue a writ of execution upon that judgment unless there is full compliance with the mandatory procedures by which the writ can be issued by another court. The failure to comply with the statutory directions results in the total failure of the second court to acquire jurisdiction, and any writ of execution issued without strict adherence to the statutory mandate is void and all proceedings that follow therefrom are equally so. In *Rusk v. Sackett* (1871), 28 Wis. 400, this court held that the court in which the judgment was rendered has the exclusive jurisdiction to award execution or other remedy for the collection of the judgment.

Under the statutes now in effect, jurisdiction can be conferred on another court by the filing of the judgment roll itself. 1 Freeman, *Law of Executions* (3d ed.), p. 40, sec. 14, points out that, where the statutes provide

that the writ of execution must be issued out of the court which renders the judgment or where the judgment roll is filed, the mere filing of the transcript of the judgment does not confer jurisdiction to issue the writ and the writ issued by the clerk of the county in which the transcript alone is filed is wholly void.

This court has insisted on strict adherence to the provisions relating to the levying of executions. In *Kentzler v. Chicago, Milwaukee & St. Paul Ry.* (1879), 47 Wis. 641, 3 N. W. 369, Mr. Chief Justice RYAN stated that, where a writ of execution is properly issued out of the court where the judgment was rendered but the transcript of the judgment was not docketed in the county to which the writ was directed, the execution was void and could support no proceedings brought thereunder.

In *Rogers v. Cherrier* (1889), 75 Wis. 54, 43 N. W. 828, it was concluded that, where the writ was issued by the court which rendered the judgment but execution was levied several hours prior to the filing of the transcript of the judgment in the county to which the writ was issued, the subsequent filing of the transcript cured the defect. In *Cherrier*, however, the court issuing the execution had unquestioned jurisdiction.

In *Bugbee v. Lombard* (1894), 88 Wis. 271, 60 N. W. 414, it was again emphasized that, even though the writ of execution was issued by the court that rendered the judgment and had jurisdiction, the execution was void in a county where the transcript of the judgment had not been filed.

From the review of these cases and the recognized authorities which this court has consistently relied upon, it is apparent that the uniform policy of this court, almost from the time of its inception, has been to insist upon strict compliance with the statutes relating to the execution of judgments and proceedings brought thereunder.

Historically, a writ of execution issued from a court other than that which rendered the judgment is absolutely void, and even a writ of execution issued from the court which rendered the judgment is void in a county where the statutory filings have not been made.

In the instant case, only the county court of Milwaukee county had jurisdiction to issue the writ of execution. The judgment roll was filed there. There was statutory compliance to the extent that the transcript of the judgment had been docketed in Waukesha county, but that docketing merely gave the power to the county court of Milwaukee county to extend the effect of its writ to Waukesha county. It conferred no power upon the circuit court for Waukesha county. At best, it merely gave notice of the lien of the judgment upon the debtor's property.

The writ of execution was issued by a court that had no jurisdiction to do so. The execution was void, the sale held thereunder is a nullity, and no rights or obligations on the part of the purchaser resulted as a consequence of the sale. The circuit court for Waukesha county was without jurisdiction to either enforce the sale or to vacate it.

The present status of the parties is that which existed upon the filing of the judgment on April 22, 1969. No valid writ of execution has been issued. The prerequisite step to the issuance of the writ of execution from Milwaukee county, *i.e.*, the filing of the transcript of the judgment in Waukesha county, has been accomplished, but no writ of execution has been issued.

The entire proceedings in the circuit court for Waukesha county are set aside, and the order entered is vacated as being beyond the jurisdiction of the circuit court for Waukesha county.

*By the Court.*—Order and proceedings vacated. Costs allowed to respondent.